UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARIM ANNABI,

                Plaintiff,

-against-

NEW YORK UNIVERSITY STERN SCHOOL OF BUSINESS,

                Defendant.

22-CV-3795 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

    Plaintiff brings this *pro se* action and request for emergency injunctive relief, for which the filing fees have been paid, alleging that Defendant breached an implied contract and discriminated against him on the basis of his age, race, religion, and national origin. The Court denies Plaintiff's request for emergency injunctive relief without prejudice to renewal at a later date, dismisses the claims that Plaintiff asserts on behalf of others, and directs service on Defendant.

**STANDARD OF REVIEW**

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A. **Request for Emergency Injunctive Relief**

Plaintiff has filed a motion requesting that the court halt Defendant's "on-going and blatant misconduct," "to prevent multiple and immediate irreparable injuries" to Plaintiff and others who entered or are entering Defendant's contests. (ECF No. 3-1 at 2.) To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

At this time, Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for a temporary restraining order and preliminary injunction (ECF No. 3) is denied without prejudice to renewal at a later date.

2

B.  **Claims on Behalf of Others**

Plaintiff also seeks to have this Court issue an order to prevent injuries to himself and others who enter or have entered Defendant's contests, and he also seeks monetary damages on behalf of those individuals. As a nonlawyer, however, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of individuals who enter or have entered Defendant's contests.

C.  **Service on Defendant**

The Clerk of Court is directed to issue a summons as to Defendant New York University Stern School of Business. Plaintiff is directed to serve the summons and complaint on Defendant within 90 days of the issuance of the summons. If within those 90 days, Plaintiff has not either served Defendant or requested an extension of time to do so, the Court may dismiss the claims against Defendant under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

The Court denies Plaintiff's request for a temporary restraining order and preliminary injunction (ECF No. 3) without prejudice to renewal at a later date.

The Court dismisses without prejudice any claims Plaintiff seeks to assert on behalf of individuals who enter or have entered Defendant's contests.

The Clerk of Court is directed to issue a summons as to Defendant New York University Stern School of Business. Plaintiff is further directed to serve the summons and complaint on Defendant within 90 days of the issuance of the summons.

The Clerk of Court is further directed to send an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 17, 2022
        New York, New York

                                           LEWIS J. LIMAN
                                   United States District Judge