```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
KARIM ANNABI,                                                  :
                                                               :
                        Plaintiff,                             :
                                                               :          22-cv-03795 (LJL)
        -v-                                                    :
                                                               :               ORDER
NEW YORK UNIVERSITY,                                           :
                                                               :
                        Defendant.                             :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/6/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiff *pro se* Karim Annabi moves for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 enjoining Defendant New York University ("NYU") from conducting the 2022-2023 Entrepreneur's Challenge competition. Dkt. No. 42.

"A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration in original) (quoting *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010)). "A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (quoting *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987)) (internal citation omitted).

Plaintiff is an alumnus of NYU and a solo entrepreneur and founder of a start-up business called Activate. Dkt. No. 37 ¶¶ 22, 24. His allegations are prolix but in general he complains that he was rejected from the NYU Designership Hackathon Contest and from the NYU Entrepreneur's Challenge and that he was barred from using the Berkley Center for Entrepreneurship for startup advising sessions. He asserts that there are irregularities and improprieties in the selection process for the Entrepreneur's Challenge and that NYU serves alcohol as a prize to winners in the Challenge, including to persons who are minors. Dkt. No. 42.

The motion is denied. Plaintiff's motion, which is supported only by his amended complaint and which contains no legal argument, fails to establish either a likelihood of success or that he would suffer irreparable harm in the absence of preliminary injunctive relief. He does not allege facts that would establish that he would be injured if the competition goes forward or establish that any harm he suffers personally would violate a legally-protected interest enforceable by this Court. His application is not supported by facts establishing that NYU serves alcohol to minors and he admits that he may not have standing to complain about such a practice. *Id.* at 2.

The Clerk of Court is respectfully directed to close Dkt. No. 42.

SO ORDERED.

Dated: December 6, 2022
     New York, New York

                                              LEWIS J. LIMAN
                                         United States District Judge