**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

KARIM ANNABI,

                                        Plaintiff,

                -against-                                             Case No. 1:22-CV-03795-LJL

NEW YORK UNIVERSITY STERN SCHOOL OF
BUSINESS,

                                        Defendant.

-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Joseph J. DiPalma
Poonam Sethi
JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
Tel.:   (914) 872-8060
Fax:   (914) 946-1216

*Attorneys for Defendant*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ............................................................................ 1

PROCEDURAL HISTORY................................................................................... 3

STATEMENT OF FACTS RELEVANT TO THE RULE 12(b)(1) AND (6) MOTION ............. 4

LEGAL STANDARD APPLICABLE TO THIS MOTION ................................... 6

LEGAL ARGUMENT........................................................................................... 8

POINT I .............................................................................................................. 8

    PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT
    VIOLATES FED R. CIV. P. 8(A). .................................................................. 8

POINT II ............................................................................................................. 9

    PLAINTIFF'S BREACH OF CONTRACT CLAIMS FAIL AS A MATTER OF LAW. ........ 9

A.  Plaintiff's Undergraduate/Graduate Degrees Do Not Create A Contract .............................. 10

B.  The Employee Handbook Does Not Create A Contract........................................................ 10

C.  Plaintiff Cannot Substantiate Any Breach of Contract........................................................ 122

POINT III ........................................................................................................... 12

    SEVERAL OF PLAINTIFF'S CLAIMS ARE DUPLICATIVE OF HIS BREACH OF
    CONTRACT CLAIM AND MUST BE DISMISSED. ............................................ 12

A.  Breach Of Constructive/Fiduciary Trust ............................................................................ 12

B.  Breach Of The Implied Covenant of Good Faith and Fair Dealing ....................................... 12

C.  Common-law and Constructive Fraud Claims .................................................................... 13

D.  Promissory Estoppel ........................................................................................................ 13

E.  Unjust Enrichment........................................................................................................... 14

POINT IV........................................................................................................... 14

    PLAINTIFF'S CLAIM ALLEGING BREACH OF CONSTRUCTIVE/FIDUCIARY TRUST
    AGAINST NYU SHOULD BE DISMISSED. ....................................................... 14

POINT V ............................................................................................................ 16

    PLAINTIFF'S CLAIM ALLEGING BREACH OF THE IMPLIED COVENANT OF GOOD
    FAITH AND FAIR DEALING SHOULD BE DISMISSED FOR FAILURE TO PLEAD A
    VALID CLAIM. .......................................................................................... 16

POINT VI........................................................................................................... 18

    PLAINTIFF'S COMMON LAW CLAIMS MUST BE DISMISSED. .................... 18

A.  Common-law and Constructive Fraud Claims Must Be Dismissed For Failure to Plead the
Elements of the Claim.......................................................................................................... 18

B.  Plaintiff Fails to Plead the Elements for a Claim of Negligent Misrepresentation ................. 19

C.  Plaintiff Fails to Plead the Elements for a Claim of Promissory Estoppel............................. 20

D.  Plaintiff Fails to Plead the Elements for a Claim of Unjust Enrichment ............................... 21

E.  Plaintiff Fails to Plead the Elements for a Claim of Breach of Fiduciary Duty .................... 22

POINT VII ................................................................................................................................ 23

PLAINTIFF FAILS TO PLEAD A CAUSE OF ACTION DISCRIMINATION OR
RETALIATION UNDER TITLE VI. ..................................................................................... 23

POINT VIII ............................................................................................................................... 26

PLAINTIFF FAILS TO PLEAD AN ACTION UNDER THE GROVE CITY BILL............. 26

POINT IX................................................................................................................................... 26

PLAINTIFF FAILS TO COMPLY WITH STAUTORY REQUIREMENTS FOR AGE
DISCRIMINATION OR RETALIATION UNDER THE ADA.............................................. 26

POINT X .................................................................................................................................... 27

PLAINTIFF IS NOT AN EMPLOYEE OF NYU TO HAVE STANDING TO PLEAD
VALID CLAIMS UNDER THE ALLEGED DISCRIMINATION STATUTES.................... 27

A.  There Are No Allegations In The Complaint To Support Plaintiff's NYSHRL Claims. ....... 28

B.  There Are No Allegations In The Complaint To Support Plaintiff's NYCHRL Claims. ..... 299

POINT XI................................................................................................................................... 30

PLAINTIFF CANNOT SUBSTANTIATE NYU COMMITTED FALSE ADVERTISING TO
THE PUBLIC AT LARGE UNDER THE GBL. ................................................................... 30

POINT XII ................................................................................................................................. 31

PLAINTIFF CANNOT SUBSTANTIATE NYU COMMITTED ANY DECEPTIVE
PRACTICES TO THE PUBLIC AT LARGE. ....................................................................... 31

POINT XIII ................................................................................................................................ 32

PLAINTIFF FAILS TO PLEAD A CAUSE OF ACTION UNDER §1981. .......................... 32

POINT XIV................................................................................................................................ 33

PLAINTIFF'S INJUNCTIVE RELIEF CLAIM IS NOT LEGALLY COGNIZABLE. ......... 33

POINT XV ................................................................................................................................. 34

IF PLAINTIFF'S COMPLAINT IS NOT DISMISSED, THIS MATTER MUST BE
REMANDED AS PLAINTIFF DOES NOT HAVE DIVERSITY IN THIS MATTER. ........ 34

POINT XVI................................................................................................................................ 34

THE COURT MUST DISMISS PLAINTIFF'S REQUEST FOR A PUTATIVE CLASS
ACTION. ................................................................................................................................ 34

POINT XVII .............................................................................................................................. 35

PLAINTIFF'S PLEADINGS DETAILING NONRELEVANT ALLEGATIONS SHOULD
BE STRICKEN....................................................................................................................... 35

POINT XVIII .................................................................................................. 36

    PLAINTIFF'S SHOULD BE REQUIRED TO REIMBURSE NYU FOR FEES INCURRED.

    .................................................................................................................. 36

CONCLUSION.................................................................................................. 37

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AFP Mfg. Corp. v. AFP Imaging Corp.*,
No. 17 Civ. 03292 (NSR), 2018 U.S. Dist. LEXIS 112767 at \*30 (S.D.N.Y.
July 5, 2018) ........................................................................................................14

*Am. Lecithin Co. v. Rebmann*,
No. 12 Civ. 929 (VSB), 2017 U.S. Dist. LEXIS 162037 (S.D.N.Y. Sept. 30,
2017) ....................................................................................................................12

*Amusement Indus., Inc. v. Stern*,
786 F. Supp. 2d 758, 778 (S.D.N.Y. 2011) ........................................................20

*Anschutz Corp v. Merrill Lynch & Co.*,
690 F.3d 98, 114 (2d Cir. 2012) .........................................................................20

*Areu v. Fox News Network, LLC*,
No. 20 Civ. 8678 (RA), 2021 U.S. Dist. LEXIS 171332 (S.D.N.Y. Sep. 9,
2021) ..............................................................................................................28, 29

*Aurecchione v. Schoolman Transp. Sys., Inc.*,
426 F.3d 635 (2d Cir. 2005)...................................................................................6

*Bailey v. New York Law Sch.*,
No. 16 Civ. 4283 (ER), 2017 U.S. Dist. LEXIS 212102, at \*24 (S.D.N.Y.
Dec. 27, 2017) .....................................................................................................10

*Baldwin v New York*,
No. 13 Civ. 485 (HBS), 2015 U.S. Dist. LEXIS 114540 (W.D.N.Y. Aug. 28,
2015) ....................................................................................................................28

*Balk v. N.Y. Inst. of Tech.*,
683 Fed. Appx. 89, 95 (2d Cir. Mar. 23, 2017) ....................................................9

*Barton v. SmartStream Techs.*,
No. 16 Civ. 1718 (PAE), 2016 U.S. Dist. LEXIS 61485, \*19 (S.D.N.Y. May
9, 2016) ................................................................................................................16

*Baur v. Veneman*,
352 F.3d 625 (2d Cir. 2003) ..................................................................................6

*In re Bear Stearns Cos., Inc., Securities, Derivative, and ERISA Litigation*,
763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011)..........................................................35

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)................................................................................................6, 7

*Benzo v. New York State Div. of Human Rights,*
  No. 95 Civ. 5362 (LAP), 1997 U.S. Dist. LEXIS 901, *9 (S.D.N.Y. Jan. 29,
  1997) .........................................................................................................................8

*Beth Isr. Med. Ctr. v. Verizon Bus Network Servs.,*
  No. 11 Civ. 4509 (RJS), 2013 U.S. Dist. LEXIS 49825, at *6 (S.D.N.Y. Mar.
  18, 2013) ..............................................................................................................10, 11

*Bezuska v. L.A. Models, Inc.,*
  No. 04 Civ. 7703 (NRB), 2006 U.S. Dist. LEXIS 13620 (S.D.N.Y. Mar. 24,
  2006) .......................................................................................................................30

*Bibliotechnical Athenaeum v. Am. Univ. of Beirut,*
  No. 21-1642, 2022 U.S. App. LEXIS 6208 at *2 (2d Cir. 2022) ...........................23

*Bloomberg v. N.Y. City Dep't of Educ.,*
  410 F. Supp. 3d 608, 624 (S.D.N.Y. 2019) .............................................................25

*Broder v. Cablevision Sys. Corp.,*
  418 F.3d 187, 196 (2d Cir. 2005) ............................................................................11

*Cacchillo v. Insmed, Inc.,*
  638 F.3d 401 (2d Cir. 2011)......................................................................................6

*Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.,*
  28 F.3d 259 (2d Cir. 1994)......................................................................................36

*Ceparano v. Suffolk Cnty.,*
  No. 10 Civ. 2030 (SJF) (ATK), 2010 U.S. Dist. LEXIS 134605, *11-12
  (S.D.N.Y. Dec. 15, 2010) ..........................................................................................8

*Chandrapaul v. City Univ. of N.Y.,*
  No. 14 Civ. 790 (AMD) (CLP), 2016 U.S. Dist. LEXIS 52961, at *51
  (E.D.N.Y. Apr. 26, 2016) ........................................................................................27

*Cheves v. Columbia Univ.,*
  89 A.D.3d 463, 464 (1st Dept. 2011) .....................................................................10

*Chiste v. Hotels.com L.P.,*
  756 F. Supp. 2d 382 (S.D.N.Y. 2010).....................................................................33

*Cohen v. Casper Sleep Inc.,*
  No. 17 Civ. 9325, 2018 U.S. Dist. LEXIS 116372 (S.D.N.Y. July 12, 2018)........31

*Costigan v. CitiMortgage, Inc.*,
No. 10 Civ. 8776 (SAS), 2011 U.S. Dist. LEXIS 84860 (S.D.N.Y. Aug 1,
2011) ..............................................................................................................................30

*C.Q. v. Estate of Rockefeller*,
No. 20 Civ. 2205 (VSB)2021 U.S. Dist. LEXIS 203563, at *11 (S.D.N.Y.
Oct. 21, 2021) .............................................................................................................14, 15

*Curtis v. Cenlar FSB*,
No. 13 Civ. 3007 (DLC), 2013 U.S. Dist. LEXIS 161687 (S.D.N.Y. Nov. 12,
2013) ...............................................................................................................................7

*Dalton v. Educ. Testing Serv.*,
87 N.Y.2d 384, 389 (1995) .........................................................................................17

*Dependable Sales & Serv. v. TrueCar, Inc.*,
394 F. Supp. 3d 368 (S.D.N.Y. 2019).........................................................................31

*Derechin v. State University of N.Y.*,
963 F.2d 513 (2d Cir. 1992)..........................................................................................36

*Dervan v. Gordian Grp. LLC*,
No. 16 Civ.1694 (AJN), 2017 U.S. Dist. LEXIS 28551, at *16-17 (S.D.N.Y.
Feb. 28, 2017) ...............................................................................................................21

*Doe v. Poly Prep Country Day Sch.*,
No. 20 Civ. 04718 (DG) (PK), 2022 U.S. Dist. LEXIS 177670, at *25
(E.D.N.Y. Sept. 29, 2022). ...........................................................................................15

*Duran v Henkel of Am., Inc.*,
450 F. Supp. 3d 337, 355-356 (S.D.N.Y. 2020) ..........................................................33

*Durant v. N.Y.C. Hous. Auth.*,
No. 12 Civ.937 (NGG) (JMA), 2013 U.S. Dist. LEXIS 45946 (E.D.N.Y. Mar.
4, 2013) ..........................................................................................................................27

*Eidelman v. Sun Prods. Corp.*,
No. 16 Civ. 3914 (NSR), 2017 U.S. Dist. LEXIS 156420, at *15 (S.D.N.Y.
Sept. 25, 2017) ..............................................................................................................20

*Eiseman v. State of New York*,
70 N.Y.2d 175, 190 (1978) ..........................................................................................15

*Esposito v. Hofstra Univ.*,
No. 11 Civ. 2364, 2012 U.S. Dist. LEXIS 23971, at *10 (E.D.N.Y. Feb. 24,
2012) ..............................................................................................................................27

*Family Fashions, Inc. v. Sterling Jewelers, Inc.*,
 No. 18 Civ. 99192019, U.S. Dist. LEXIS 136325 (S.D.N.Y. Aug. 12, 2019) .......................30

*Fishoff v. Coty Inc.*,
 634 F.3d 647, 654 (2d Cir. 2011).............................................................................................36

*Frand v. Wolinger*,
 No. 18 Civ. 4816 (VB)2019 U.S. Dist. LEXIS 71886, at *9-10 (S.D.N.Y. Apr.
 29, 2019) ................................................................................................................................23

*Frintzilas v. DirecTV, LLC*,
 731 F App'x. 71 (2d Cir. 2018) ..............................................................................................31

*Gebhardt v. Allspect, Inc.*,
 96 F. Supp. 2d 331 (S.D.N.Y. 2000).........................................................................................7

*GEM Advisors, Inc. v. Corporacion Sidenor*,
 *S.A.*, 667 F. Supp. 2d 308, 330 (S.D.N.Y. 2009) ...................................................................13

*Georgia Malone & Co. v. Rieder*,
 19 N.Y.3d 511, 517 (N.Y. 2012) ............................................................................................22

*Glaser v. Upright Citizens Brigade LLC*,
 No 18-CV-971 (JPO), 2020 U.S. Dist. LEXIS 56228, at *7 (S.D.N.Y. Mar.
 31, 2020) ................................................................................................................................26

*Gray v. City of New York*,
 10 Civ. 3039 (SLT)(CLP), 2014 U.S. Dist. LEXIS 202727, at *41-42
 (E.D.N.Y. Feb. 25, 2014) ..................................................................................................32, 33

*Joester Loria Grp. v. Licensing Co.*,
 No. 10 Civ. 6742 (DLC), 2011 U.S. Dist. LEXIS 46597 (S.D.N.Y. Apr. 9,
 2011) .........................................................................................................................................7

*JP Morgan Chase Bank, N.A. v. IDW Group, LLC*,
 No. 08 Civ. 9116 (PGG), 2009 U.S. Dist. LEXIS 9207, at *11 (S.D.N.Y. Feb.
 9, 2009) ...................................................................................................................................16

*Hammond v. Lincoln Tech. Inst., Inc.*,
 No. 10 Civ. 1933 (JBW) (JMA), 2012 U.S. Dist. LEXIS 10902, at *21
 (E.D.N.Y. Jan. 30, 2012) ........................................................................................................15

*Harris v. Provident Life & Accident Ins. Co.*,
 310 F.3d 73, 81 (2d Cir. 2002) ...............................................................................................12

*Holve v. McCormick & Co.*,
 334 F. Supp. 3d 535, 550 (W.D.N.Y. Aug. 14, 2018) ...........................................................34

*Kajoshaj v. New York City Department of Education*,
   543 F. App'x 11, 14 (2d Cir. 2013) ..................................23

*Leibowitz v. Cornell Univ.*,
   584 F.3d 487, 507 (2d Cir. 2009)..................................9

*Lerner v. Fleet Bank, N.A.*,
   459 F.3d 273, 290-91 (2d Cir. 2006) ..................................18

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014)..................................32

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
   797 F.3d 160, 171 (2d Cir. 2015) ..................................18

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)..................................6

*M/A-Com Security Corp. v. Galesi*,
   904 F.2d 134, 136 (2d Cir. 1990) ..................................16

*MacIssac v. Town of Poughkeepsie*,
   770 F Supp 2d 587 (S.D.N.Y. 2011)..................................6

*Manolov v. Borough of Manhattan Cmty. Coll.*,
   952 F. Supp. 2d 522, 532 (S.D.N.Y. Feb. 26, 2013) ..................................23, 24

*Manchanda v. Navient Student Loans & Educ. Credit Mgt. Corp.*,
   No. 19 Civ. 5121, 2020 U.S. Dist. LEXIS 179428 (S.D.N.Y. Sep. 29, 2020) ..................................30

*Margo v. Weiss*,
   213 F.3d 55, 64 (2d Cir. 2000)..................................36

*Marshall v. Hyundai Motor America*,
   51 F. Supp. 3d 451, 471 (S.D.N.Y. 2014) ..................................14

*Mayaguez S.A. v. Citibank, N.A.*,
   No. 16 Civ. 6788 (PGG) (JLC), 2022 U.S. Dist. LEXIS 54936, at *109
   (S.D.N.Y. Mar. 25, 2022) ..................................20

*McDonald's Corp. v. Hinksman*,
   No. 92 Civ. 3187 (DGT)1999 U.S. Dist. LEXIS 9587, at *42 (E.D.N.Y. 1999)
   ..................................17

*Moore v. Thomson Reuters (GRC) Inc.*,
   No. 17 Civ. 0211 (LGS), 2017 U.S. Dist. LEXIS 149401 (S.D.N.Y. Sept. 14,
   2017) ..................................11

*Morgens Waterfall Holdings L.L.C. v. Donaldson, Lufkin & Jenrette Secs. Corp.*,
198 F.R.D. 608, 610 (S.D.N.Y. Feb. 1, 2001) .........................................................................8

*Morrison v. Nat'l Austl. Bank Ltd.*,
547 F.3d 167 (2d Cir. 2008), *aff'd*, 561 U.S. 247, 130 S. Ct. 2869 (2010) ............................6

*Moy v. Adelphi Institute*,
866 F. Supp. 696, 708 (E.D.N.Y. 1994) ...............................................................................22

*N. Am. Olive Oil Assn. v D'Avolio Inc.*,
457 F Supp 3d 207, 224 (E.D.N.Y. 2020) ...........................................................................32

*Nash v. New Sch.*,
No. 05 Civ. 7174(KMW)(FM), 2009 U.S. Dist. LEXIS 36208, at *12
(S.D.N.Y. Apr. 29, 2009) ......................................................................................................13

*N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*,
No. 08 Civ. 5653 (PAC), 2013 U.S. Dist. LEXIS 12640 at *7-8 (S.D.N.Y. Jan.
23, 2013) ...............................................................................................................................35

*NRDC v. United States FDA*,
884 F. Supp. 2d 108, 116 n.5 (S.D.N.Y. 2012) ...................................................................35

*Nungesser v. Columbia Univ.*,
169 F. Supp. 3d 353, 374 (S.D.N.Y. 2016) ..........................................................................15

*Occidental Chem. Corp. v. OHM Remediation Servs.*,
173 F.R.D. 74 (W.D.N.Y. 1997)............................................................................................30

*Offor v. Mercy Medical Ctr.*,
No. 15-cv-2219 (ADS)(SIL), 2016 Lexis 83049, at *2 (E.D.N.Y. June 25,
2016), *aff'd* 698 Fed. App'x 11 (2d Cir. 2017) ...................................................................36

*Oneida Sav. Bank v. Uni-Ter Underwriting Mgmt. Corp.*,
5:13 Civ. 746 (MAD/ATB), 2014 U.S. Dist. LEXIS 130677, at *45 (N.D.N.Y.
Sept. 18, 2014) .....................................................................................................................16

*O'Reilly v. Archdiocese of New York*,
2021 N.Y. Misc. LEXIS 14979, at *7-8 (Sup. Ct., N.Y. Cty. 2021) .....................................15

*Pasternack v Lab. Corp. of Am. Holdings*,
37 N.Y.S.3d 750, 750 (2d Cir. 2016) ...................................................................................14

*Patterson v. Cty. of Oneida*,
375 F.3d 206 (2d Cir. 2004).................................................................................................29

*Picaro v. Pelham*, No.
14 Civ. 7398 (DAB), 2016 U.S. Dist. LEXIS 46580, at *69 (S.D.N.Y. Mar.
31, 2016) ........................................................................................................34

*Pot Luck, L.L.C. v. Freeman*,
No. 06 Civ. 10195 (DAB)2009 U.S. Dist. LEXIS 25097, at *14 (S.D.N.Y.
Mar. 10, 2009) ................................................................................................34

*Reimers-Fincher v. Nassau Health Care Corp.*,
No. 08 Civ. 2397(DRH)(GRB), 2014 U.S. Dist. LEXIS 2206, at *31
(E.D.N.Y. Jan. 8, 2014). .................................................................................33

*Riker v. Premier Capital, LLC*,
No. 15 Civ. 8293, 2016 U.S. Dist. LEXIS 129943, at *14 (S.D.N.Y. Sept. 22,
2016) ...............................................................................................................19

*Saltz v. First Frontier, LP*,
782 F. Supp. 2d. 61, 75 (S.D.N.Y. 2010). .....................................................18

*Schlaifer Nance & Co. v. Estate of Warhol*,
194 F.3d 323, 337 (2d Cir. 1999) ...................................................................36

*Sommerville v. N.Y.C. Police Dep't*,
No. 12 Civ. 00165 (KAM) (JMA), 2012 U.S. Dist. LEXIS 26436 (E.D.N.Y.
Feb. 29, 2012) ...................................................................................................7

*Sotheby's, Inc. v. Minor*,
No. 08 Civ. 7694 (BSJ)(HBP), 2009 U.S. Dist. LEXIS 99332, at *22
(S.D.N.Y. Oct. 26, 2009) ...........................................................................22, 23

*Spychalsky v. Sullivan*,
No. 01 Civ. 0958 (DRH) (ETB), 2003 U.S. Dist. LEXIS 15704 (E.D.N.Y.
Aug. 29, 2003) .................................................................................................10

*Stoner v. Young Concerts Artists, Inc.*,
No. 13 Civ. 4168 (LAP), 2014 U.S. Dist. LEXIS 23423, at *6 (S.D.N.Y. Feb.
7, 2014) ...........................................................................................................27

*In re Tether & Bitfinex Crypto Asset Litig.*,
576 F. Supp. 3d 55 (S.D.N.Y. 2021).................................................................30

*Underdog Trucking LLC v. Verizon Servs. Corp.*,
No. 09 Civ. 8918 (DLC), 2010 U.S. Dist. LEXIS 72642, at *18 (S.D.N.Y.
July 20, 2010) ..................................................................................................13

*United States v. Avteq, Inc.*,
No. SA-14-CA-528 (OLG), 2015 U.S. Dist. LEXIS 194643 (W.D. Tex. Dec.
22, 2015) .........................................................................................................32

*Verdi v. City of New York*,
  306 F. Supp. 3d 532, 542-43 (S.D.N.Y. 2018) .......................................................26

*Vista Co v. Columbia Pictures Indus., Inc.*,
  725 F. Supp. 1286, 1294 (S.D.N.Y. 1989) ...........................................................13

*Ward v. New York Univ.*,
  No. 99 Civ. 8733 (RCC), 2000 U.S. Dist. LEXIS 14067 (S.D.N.Y. Sept. 25,
  2000) .....................................................................................................................11

*Weiss v. City Univ. of N.Y.*,
  No. 17 Civ. 3557 (VSB), 2019 U.S. Dist. LEXIS 43869, at *25, n.11
  (S.D.N.Y. Mar. 18, 2019) ....................................................................................25

*Wynn v. AC Rochester*,
  273 F.3d 153, 156 (2d Cir. 2001) .........................................................................18

*Yukos Capital S.A.R.L. v. Feldman*,
  977 F.3d 216, 241 (2d Cir. 2020) .........................................................................22

*Zavalidroga v. Cote*,
  395 Fed. Appx. 737, 740 (2d Cir. 2010) ..............................................................32

*Zim Am. Integrated Shipping Servs. Co., LLC v. Sportswear Grp., LLC*,
  No. 20 Civ. 4838 (LJL), 2021 U.S. Dist. LEXIS 223441, at *21 (S.D.N.Y.
  Nov. 18, 2021) ......................................................................................................22

**Statutes**

20 U.S.C. § 1687 ...............................................................................................................26

28 U.S.C. § 1367 ...............................................................................................................34

42 U.S. Code § 1981 ...............................................................................................*passim*

42 U.S.C. § 6104 ...............................................................................................................27

Age Discrimination Act of 1975 ......................................................................1, 3, 26, 27

Civil Rights Act of 1964 Title VI ...........................................................................*passim*

Civil Rights Act of 1964 Title VII ..............................................................................28, 29

Civil Rights Restoration Act of 1987 ...............................................................................26

Fed. R. Civ. P. 8 .............................................................................................................2, 8

Fed. R. Civ. P. 9 .................................................................................................2, 18, 19, 22

Fed. R. Civ. P. 11 ...................................................................................................36

Fed. R. Civ. P. 12 ...................................................................................4, 6, 7, 35

Federal Lanham Act, 15 U.S.C. § 1225 ...........................................1, 3, 31, 32

Grove City Bill, Civil Rights Restoration Act of 1987.........................1, 3, 26

N.Y. Exec. Law § 296-d ........................................................................................28

New York General Business Law § 349 ............................................... *passim*

New York General Business Law § 350 ...............................1, 3, 30, 31

NYCHRL ...................................................................................................1, 28, 29

NYSHRL....................................................................................................1, 28, 29

N.Y.C. Admin. Code § 8-101. ...........................................................................29

N.Y.C. Admin. Code § 8-107 ............................................................................29

Defendant New York University, incorrectly named herein as New York University Stern School of Business ("NYU" or "Defendant"), by and through its undersigned attorneys Jackson Lewis P.C., respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Amended Complaint in which he alleges: (1) breach of implied contract; (2) breach of a constructive or fiduciary trust; (3) breach of covenant of good faith and fair dealing; (4) common law fraud, constructive fraud, negligent misrepresentation, promissory estoppel, unjust enrichment, breach of a fiduciary duty; (5) Title VI of the Civil Rights Act and various subparts; (6) The Civil Rights Restoration Act of 1987, or Grove City Bill; (7) the Age Discrimination Act of 1975 ("ADA"); (8) the New York City Human Rights Law ("NYCHRL"); (9) the New York State Human Rights Law ("NYSHRL"); (10) New York General Business Law § 349 (the "Deceptive Practices Act"), (11) New York General Business Law § 350, and 350-a (the "False Advertising Act"), (12) the Federal Lanham Act 15 U.S.C. § 1125(a); (13) 42 U.S. Code § 1981 and (14) Plaintiff's request for injunction for "equitable relief." Plaintiff also seeks the Court classify his action as a putative class action.

Following NYU's Motion to Dismiss the original Complaint, Plaintiff amended his Complaint, seeking a second bite at the apple. A review of the Amended Complaint reflects that Plaintiff has failed to cure the deficiencies previously identified, and again, Plaintiff, makes conclusory allegations in support of baseless theories of wrongdoing in a desperate attempt to circumvent dismissal of his claims.[1]

## PRELIMINARY STATEMENT

Plaintiff is a former NYU student that entered into two NYU-run competitions, the NYU Designership Hackathon Contest ("Hackathon") and the NYU Entrepreneur's Challenge

---

[1] Please note that parties mutually agreed to a 40-page limit for their main briefs, and a 10-page limit for NYU's Reply Brief.

("Challenge"). Plaintiff was not employed by NYU at any time, nor does Plaintiff allege he was ever employed by NYU. Plaintiff was not selected as a competitor for the Hackathon or for the Challenge and therefore, alleges a variety of conclusory allegations to support his various claims against NYU of breach of contract, fraud, discrimination, and other violations of statutes and regulations.

The Amended Complaint relies on Plaintiff's subjective belief that he was entitled to win a contest and after being rejected, Plaintiff alleges a hodgepodge of allegations against NYU. The Court should dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, for the following reasons. *First*, Plaintiff's Amended Complaint should be dismissed for violating the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Second*, Plaintiff relies on conclusory unsubstantiated allegations to support his various and redundant claims. *Third*, Plaintiff's breach of contract/implied contract claim should be dismissed because: (1) attending a university is not a binding and enforceable contract; (2) the employee handbook is not a binding and enforceable contract; (3) NYU did not materially breach any terms of any alleged contract or alleged promises; and (4) any alleged promises were not sufficiently definite to state a viable claim. *Fourth*, Plaintiff's fraud claims should be dismissed against NYU because: (1) the claims are a mere restatement of his contract and quasi-contract claims; and (2) Plaintiff has failed to plead his fraud claim with sufficient specificity pursuant to Fed. R. Civ. P. 9(b). *Fifth*, Plaintiff's breach of fiduciary trust, breach of implied covenant of good faith and fair dealing, fraud, promissory estoppel and unjust enrichment claims should be dismissed against NYU because the claims are duplicative of the breach of contract claim. *Sixth*, Plaintiff was not an employee or a covered non-employee entitled to bring a discrimination claim under state or local law. *Seventh*, Plaintiff fails to properly plead a claim under the Grove City Bill. *Eighth*, to the extent Plaintiff has now alleged

discrimination under Title VI and §1981, he has failed to plead any allegations to support his claims outside of conclusory speculation. *Ninth*, Plaintiff has failed to comply with the administrative requirements to file a claim under the ADA. *Tenth*, Plaintiff cannot substantiate his claims of false advertising or deceptive practices under the General Business Law. *Eleventh*, Plaintiff cannot establish a putative class action. *Finally*, Plaintiff's claim for injunctive relief must be denied as there is no allegation of ongoing harm.

Amendments to the Complaint would be futile as Plaintiff cannot substantiate these various duplicative claims beyond speculation. By this Motion, NYU submits Plaintiff's Amended Complaint be dismissed now as a matter of law.

## PROCEDURAL HISTORY

On or about May 9, 2022, Plaintiff initiated the suit and filed a Complaint. *See* Complaint.[2] (Dkt. 1). On June 24, 2022, the Court issued an Order extending Defendant's time to answer, respond or otherwise move to July 27, 2022. (Dkt. 15-16).  On July 26, 2022, NYU filed a motion to dismiss Plaintiff's complaint. (Dkt. 18-21).

On November 9, 2022, Plaintiff filed his First Amended Complaint, alleging several new claims, including breach of an implied contract, breach of fiduciary duty, common law fraud, constructive fraud, negligent misrepresentation & promissory estoppel, unjust-enrichment, and violation of the following statutes: Title VI of the Civil Rights Act of 1964, The Civil Rights Restoration Act of 1987, or Grove City Bill, Title VI -- 34 CFR 100.7(e), Age Discrimination Act of 1975, and 42 U.S. Code § 1981. Plaintiff maintains his allegations that NYU violated the NYCHRL, the NYSHRL, GBL § 349 , GBL § 350, and 350-a (the "False Advertising Act"), and Federal Lanham Act 15 U.S.C. § 1125(a). (Dkt. 37).

---

[2]        For purposes of judicial economy, documents that are part of the docket are not reattached herein.

On November 18, 2022, an initial pretrial conference was held with Judge Liman. Your Honor denied the pending motion to dismiss as moot and stayed discovery while Defendant filed a second motion to dismiss and set out a briefing schedule for a further motion to dismiss. (Dkt. 41). Therefore, the making of this Motion is timely.

On November 21, 2022, Plaintiff filed a motion for a preliminary injunction. (Dkt. 42). Plaintiff's Motion seeks to restrain NYU and enjoin them to freeze the Competition until Plaintiff's allegations in the Complaint are resolved. (Dkt. 43). On December 5, 2022, NYU filed its opposition and on December 6, 2022, the Court denied Plaintiff's motion. (Dkt. 44).

## STATEMENT OF FACTS RELEVANT TO THE RULE 12(b)(1) AND (6) MOTION

For purposes of this Motion only, NYU accepts the *factual* allegations set forth in Plaintiff's Complaint as pled. NYU expressly reserves the right, and will contest all allegations in this or any other action as the University deems them to be frivolous and without merit.

Plaintiff, *pro se*, is a former NYU student, who attended NYU Stern School of Business for his B.A. and M.B.A. between1999 and 2010. (Dkt. 37. Pg. 17-18, ⁋ 22). On or about September 30, 2021, Plaintiff entered into the NYU Designership Hackathon Contest ("Hackathon") with his startup, Activate. (Dkt. 37. Pg. 24, ⁋ 31). Plaintiff soon after received a rejection letter describing why his application had been denied. (Dkt. 37. Pg. 26, ⁋ 36). The letter stated in relevant part, "[t]he ventures selected were those with the strongest demonstartions of problem-solution fit and alignment with the specific goals of hackathon. While we are unable to offer Activate a spot in this year's hackathon, please know that the Berkley Center for Entrepreneurship is committed to helping you advance your venture." (Dkt. 37. Pg. 26, ⁋ 36).

On or about November 3, 2021, Plaintiff applied to the NYU Entrepreneur's Challenge ("Challenge") with his startup, Activate, paid a $100 entry fee, and was similarly rejected. (Dkt. 37. Pg. 28, ⁋⁋ 41, 71). The rejection letter stated in part, "the teams that were

selected were deemed to have had the strongest rationales for how to create, deliver, and capture value in their markets. … We are committed to helping you launch your venture." (Dkt. 37. Pg. 39, ℙ 71). In a review session after Plaintiff's rejection from the Challenge, Plaintiff was informed that more clarity was needed on what solution would be provided by his startup and how it could be differentiated from other platforms. (Dkt. 37. Pg. 47-48, ℙ 91). Comments by the unknown evaluators to the Challenge indicate various issues with Plaintiff's proposed startup including: that his startup "is extremely broad and vague. The application description doesn't hone in on a key problem that the market is facing right now, rather, it presents the entire world's issues in a sort of hodgepodge of random issues that need to be fixed. It's unclear exactly what the problem is that is being addressed. Furthermore, it's unclear what the solution is, how it will make money, how it will work, and what it will do. It's also unclear how it will even address any of the larger problems that were posed in the application. There are no designs or examples given. Outside of a vague testimonial provided by someone at the end of the summary video, it's unclear how or why this would be interesting." (Dkt. 37. Pg. 18, ℙ 23; Exhibit 57 to the Complaint). Additional comments by the judges state, "It's also unclear why anyone would pay for this or what it actually is. The application could be made significantly stronger if the specific problem that the founder is solving is presented clearly, without flowery language and hyperbole, and a solution to that problem was presented in a clear way, preferably with visuals…" *Id.* The judges found that it was unclear what the solutions were or why people would use this product and the "application lacks substance around solution, execution, and financial modeling." *Id.*

Plaintiff alleges he was barred from using the Berkley Center for startup advising sessions. (Dkt. 37. Pg. 26 ℙ 37, Pg. 37-38, ℙ66). Plaintiff utilized these advising sessions to discuss his startup, Activate, with NYU's social media in-house expert. (Dkt. 37. Pg. 43, ℙ 78). However,

after attending eight appointments over the course of several weeks, Plaintiff's access was capped due to the "very limited resource." (Dkt. 37. Pg. 37-38, ⁋ 66).

## <u>LEGAL STANDARD APPLICABLE TO THIS MOTION</u>

A plaintiff must "demonstrate standing for each claim and form of relief sought." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) (quoting *Baur v. Veneman*, 352 F.3d 625, 642, n.15 (2d Cir. 2003). To establish standing, Plaintiff must show that he has suffered an injury in fact, which is a "concrete and particularized" harm to a "legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff has not suffered an injury that is cognizable under any of the alleged causes of action.

A motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is an appropriate mechanism for challenging a plaintiff's constitutional standing to bring a particular claim. *MacIssac v. Town of Poughkeepsie*, 770 F. Supp. 2d 587, 593 (S.D.N.Y. 2011). Because standing is challenged on the basis of the pleadings, the Court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *Id*. A court must dismiss a claim if it "lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247, 130 S. Ct. 2869 (2010). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Even if the Court finds that Plaintiff has standing to pursue the various claims alleged, the Complaint must be dismissed. Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must be dismissed when the plaintiff fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although the Court must accept as true all well-pled factual allegations when deciding a Fed. R. Civ. P. 12(b)(6) motion, a plaintiff must do more than plead mere "conclusory allegations or legal conclusions masquerading as factual conclusions" in order to avoid dismissal. *Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000). To survive a motion to dismiss, the plaintiff must plead factual allegations "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570 (dismissing the complaint where the plaintiffs had not "nudged their claims across the line from conceivable to plausible").

Accordingly, whereas here, a plaintiff files a complaint containing conclusory allegations but no facts in support of the claims, the Court may properly grant a Rule 12(b)(6) motion as a matter of law. *See Joester Loria Grp. v. Licensing Co.*, No. 10 Civ. 6742 (DLC), 2011 U.S. Dist. LEXIS 46597, at *5-8 (S.D.N.Y. Apr. 9, 2011) (granting motion to dismiss under *Twombly* and *Iqbal* where plaintiff pled only conclusory allegations).[3] Finally, although Plaintiff is proceeding *pro se*, his *pro se* status does not rescue his failure to plead the basic elements of the stated cause of action or the conclusory nature of his claims. *See, e.g., Sommerville v. N.Y.C. Police Dep't*, No. 12 Civ. 00165 (KAM) (JMA), 2012 U.S. Dist. LEXIS 26436, at *5 (E.D.N.Y. Feb. 29, 2012).

While standing and merit questions frequently overlap, standing is fundamentally about the propriety of the individual litigating a claim irrespective of its legal merits, while a Rule 12(b)(6) inquiry is concerned with the legal merits of the claim itself. *Curtis v Cenlar FSB*, No. 13 Civ. 3007 (DLC), 2013 U.S. Dist. LEXIS 161687, at *5 (S.D.N.Y. Nov. 12, 2013). Analyzing both the standing and merits of Plaintiff's claims, the Amended Complaint must be dismissed.

---

[3]     Copies of unreported decisions cited in this Memorandum of Law, are attached to the Affidavit of Joseph DiPalma, dated July 26, 2022 as Exhibit "A."

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT VIOLATES FED R. CIV. P. 8(A).

A Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Similarly, Federal Rule of Civil Procedure 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." "Complaints that are rambling, repetitious, and unnecessarily voluminous fail to meet the minimum requirements of Rule 8(a), because unnecessary prolixity in pleading places an unjustified burden on the court and on the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Benzo v. New York State Div. of Human Rights*, No. 95 Civ. 5362 (LAP), 1997 U.S. Dist. LEXIS 901, *9 (S.D.N.Y. Jan. 29, 1997) (internal quotation marks and citation omitted). "[P]rolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit." *Ceparano v. Suffolk Cnty.*, No. 10 Civ. 2030 (SJF) (ATK), 2010 U.S. Dist. LEXIS 134605, *11-12 (S.D.N.Y. Dec. 15, 2010) (citing cases).

Plaintiff's Amended Complaint consists of 60 pages, multiple repetitive paragraphs and duplicative causes of action that are not clearly defined and difficult to comprehend, as well as 95 pages of exhibits. Therefore, Plaintiff's Amended Complaint should be dismissed for violating Rule 8(a). *See Benzo*, 1997 U.S. Dist. LEXIS 901, at *12 (dismissing pro se plaintiff's 444-page Complaint); *see also Morgens Waterfall Holdings L.L.C. v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 198 F.R.D. 608, 610 (S.D.N.Y. Feb. 1, 2001) (dismissing plaintiff's 103-page Amended Complaint because "the Court is faced with a rhetorical exercise in length and forensic embroidery).

## POINT II

## PLAINTIFF'S BREACH OF CONTRACT CLAIMS FAIL AS A MATTER OF LAW.

Plaintiff alleges that NYU breached an implied contract with Plaintiff by selling him BS and MBA degrees "that included a lifetime of alumni benefits but has withdrawn alumni benefits from Annabi…" (Dkt. 37. Pg. 1-2, ¶¶ 1-2). Plaintiff details his breach of contract claim through an unenumerated section in his complaint, titled "Analogy," where he compares NYU to a bus service. (Dkt. 37. Pg. 10-11). He further alleges NYU broke an implied contract with Plaintiff and the other contestants of the Contest and the Challenge with monetary and non-monetary considerations. (Dkt. 37. Pg. 2, ¶¶ 4-5).

Plaintiff articulates the basis of his belief that he had a contractual relationship with NYU based on (1) his alumni status and (2) the employee handbook, neither of which creates a contractual relationship between the parties. Based on these alleged contractual relationships, Plaintiff claims NYU is legally required to give him one of the spots as the winner of the Challenge. (Dkt. 37. Pg. 57).

To state a claim for breach of contract under New York law, Plaintiff must allege (1) the existence of a contract; (2) performance by the Plaintiff; (3) breach of the contract by the defendant; and (4) damages. *See Balk v. N.Y. Inst. of Tech.*, 683 Fed. Appx. 89, 95 (2d Cir. Mar. 23, 2017). Plaintiff's breach of contract/implied contract claim should be dismissed because: (1) Plaintiff's attendance at NYU does not create a binding and enforceable contract beyond obtaining his degree; (2) the employee handbook is not applicable and is not a binding and enforceable contract; and (3) NYU did not materially breach any terms of the alleged contracts.

An implied contract requires "consideration, mutual assent, legal capacity, and legal subject matter." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 507 (2d Cir. 2009). Further, general statements which "merely provide what may occur, or encourage… students to engage in

9

certain behaviors… are not specific and discrete promises." *Bailey v. New York Law Sch.*, No. 16 Civ. 4283 (ER), 2017 U.S. Dist. LEXIS 212102, at \*24 (S.D.N.Y. Dec. 27, 2017); *see also Cheves v. Columbia Univ.*, 89 A.D.3d 463, 464 (1st Dept. 2011) (dismissing plaintiff's breach of contract complaint because the alumni brochures listing benefits and services that are available to alumni were not promises specific enough to establish an existence of an implied contract).

A. __Plaintiff's Undergraduate/Graduate Degrees Do Not Create A Contract__

Plaintiff's allegation that attending NYU creates a lifetime contractual relationship does not make it so. (Dkt. 37. Pg. 12, ⁋2). Any implied contract a student has with its university ends once a student receives his degree. *See Spychalsky v. Sullivan*, No. 01 Civ. 0958 (DRH) (ETB), 2003 U.S. Dist. LEXIS 15704, at \*45 (E.D.N.Y. Aug. 29, 2003) (granting defendants summary judgment on plaintiff's breach of contract claim because although there is an implied contract between students and the university agreeing that if the student complied with the terms prescribed the university, the student will receive a degree, plaintiff already graduated). Accordingly, plaintiff's alumni status does not confer an enforceable contract that could be breached.

B. __The Employee Handbook Does Not Create A Contract__

Plaintiff alleges that NYU has an employee handbook that creates a contractual obligation. (Dkt. 37. Pg. 13, ⁋8). First, plaintiff is not an NYU employee and the employee handbook does not apply to him. Second, even if the handbook applied to him, handbooks do not create contractual relationships.

Nevertheless, even if the Court does consider NYU's handbook and school policies as a contractual agreement, a breach of contract claim can be dismissed if the documentary evidence within the contract negates the allegations. *See Beth Isr. Med. Ctr. v. Verizon Bus*

10

*Network Servs.*, No. 11 Civ. 4509 (RJS), 2013 U.S. Dist. LEXIS 49825, at *6 (S.D.N.Y. Mar. 18, 2013) ("Dismissal of a breach of contract claim is appropriate where a contract's clear, unambiguous language excludes a plaintiff's claim"); *see also Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (the court need not accept the plaintiff's description of the contract's provisions, "but may look to the agreement itself").

Here, Plaintiff references various sources from NYU's policies to allege a contractual agreement that was breached. Plaintiff's Amended Complaint cites to the employee handbook rather than the student handbook. (Dkt. 37, Pg. 13, ¶8. Although some terms of the implied contract between a student and school may be listed in bulletins, circulars, and regulations made available to the student, general policies are not considered specific promises made under the contract. *See Ward v. New York Univ.*, No. 99 Civ. 8733 (RCC), 2000 U.S. Dist. LEXIS 14067, at *10-11 (S.D.N.Y. Sept. 25, 2000) ("general statements of policy" and "broad and unspecified procedures and guidelines" cannot form the basis of a contract claim).

These broad, general administrative policies do not amount to an explicit or contractual agreement between the school and Plaintiff. Rather, they are informative guidelines of the school's administrative procedures with no specific promises to be provided after the students' enrollment. Therefore, Plaintiff's breach of contract claim premised on the employee handbook must be dismissed. *See Moore v. Thomson Reuters (GRC) Inc.*, No. 17 Civ. 0211 (LGS), 2017 U.S. Dist. LEXIS 149401, at *8 (S.D.N.Y. Sept. 14, 2017) (dismissing breach of contract claim where, *inter alia*, the complaint did not identify any contractual provision the defendant allegedly materially breached).  Plaintiff's cause of action for breach of contract fails because the claim improperly relies upon these documents.

11

C. **Plaintiff Cannot Substantiate Any Breach of Contract**

Even if Plaintiff's alumni status and the employee handbook constitute a binding contract, Plaintiff does not allege that NYU materially breached the contract. Mr. Annabi's claims that the school allowed "unlimited" access to the Berkely Center is not enough to establish a promise nor an implied contract. Further, Plaintiff is an alumnus who entered into a contest. Just because he did not like the outcome of the contest does not mean that NYU allegedly breached some contract.

**POINT III**

**SEVERAL OF PLAINTIFF'S CLAIMS ARE DUPLICATIVE OF HIS BREACH OF CONTRACT CLAIM AND MUST BE DISMISSED.**

The allegations underlying Plaintiff's Causes of Action for breach of fiduciary duty claim, breach of the implied covenant of good faith and fair dealing, fraud, promissory estoppel, and unjust enrichment do no more than restate Plaintiff's deficient breach of contract claim. Plaintiff's allegations for these claims are vague and duplicative regarding representations made by NYU concerning the Contest.

A. **Breach Of Constructive/Fiduciary Trust**

Plaintiff's breach of fiduciary duty claim is duplicative of his breach of contract claim and must be dismissed. *See Am. Lecithin Co. v. Rebmann*, No. 12 Civ. 929 (VSB), 2017 U.S. Dist. LEXIS 162037, *63 (S.D.N.Y. Sept. 30, 2017) (dismissing breach of fiduciary duty claim as duplicative of breach of contract claim) (citing cases).

B. **Breach Of The Implied Covenant of Good Faith and Fair Dealing**

It is well settled that a claim for breach of the implied covenant of good faith and fair dealing should be dismissed as redundant of a contract claim. *See Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002) ("New York law . . . does not recognize a separate

cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.").

### C. **Common-law and Constructive Fraud Claims**

Since Mr. Annabi's claims of fraud all arise from the alleged breach of implied contract between NYU and himself, then his fraud claims must be dismissed. It is well settled that where a claim to recover damages for fraud is premised upon an alleged breach of contractual duties will be dismissed when the "only fraud charged related to a breach of contract." *Vista Co v. Columbia Pictures Indus., Inc.*, 725 F. Supp. 1286, 1294 (S.D.N.Y. 1989) (internal citations omitted). Moreover, a contract action may not be converted into one for fraud by the mere additional allegation that the contracting party did not intend to meet his alleged contractual obligation. *See GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*, 667 F. Supp. 2d 308, 330 (S.D.N.Y. 2009) ("Under New York Law, a plaintiff cannot transform a contract claim into a fraud claim simply by alleging that the defendant 'entered the… agreement while intending not to perform it'") (quoting *Nash v. New Sch.*, No. 05 Civ. 7174(KMW)(FM), 2009 U.S. Dist. LEXIS 36208, at *12 (S.D.N.Y. Apr. 29, 2009)).

### D. **Promissory Estoppel**

Plaintiff's claim for common law promissory estoppel must be dismissed as against NYU because it is duplicative of his breach of contract claims.  "Where a plaintiff also alleges breach of contract, a promissory estoppel claim is duplicative of a breach of contract claim unless the plaintiff alleges that the defendant had a duty independent from any arising from the contract." *Underdog Trucking LLC v. Verizon Servs. Corp.*, No. 09 Civ. 8918 (DLC), 2010 U.S. Dist. LEXIS 72642, at *18 (S.D.N.Y. July 20, 2010). **Plaintiff does not allege that NYU had any other independent duty other than that arising from the alleged implied contracts.** Thus, this claim

13

is duplicative and must be dismissed.

### E.  Unjust Enrichment

Plaintiff does not specifically allege how NYU was unjustly enriched since the factual basis for the cause of action is duplicative of every other cause of action in the Amended Complaint. Duplicative claims are not actionable and must be dismissed. *See AFP Mfg. Corp. v. AFP Imaging Corp.*, No. 17 Civ. 03292 (NSR), 2018 U.S. Dist. LEXIS 112767 at *30 (S.D.N.Y. July 5, 2018) (plaintiff's unjust enrichment claim is dismissed and found as similarly duplicative of its breach of contract claim); *see also Marshall v. Hyundai Motor America*, 51 F. Supp. 3d 451, 471 (S.D.N.Y. 2014) (when a matter is controlled by contract, "the plaintiff has no valid claim for unjust enrichment under New York law").

Accordingly, because NYU did not breach any contractual obligations owed to Plaintiff (*see* Point I, *infra*) and due to the duplicative nature of the Causes of Action for breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, fraud, promissory estoppel, and unjust enrichment, Plaintiff's claims must be dismissed.

### POINT IV

### PLAINTIFF'S CLAIM ALLEGING BREACH OF CONSTRUCTIVE/FIDUCIARY TRUST AGAINST NYU SHOULD BE DISMISSED.

Plaintiff's breach of constructive duty based on the in *loco parentis* doctrine cause of action has no merit. "[I]n *loco parentis* defines the duty owed within the context of a negligence[4] cause of action but does not create an independent cause of action." *C.Q. v. Estate of Rockefeller*, No. 20 Civ. 2205 (VSB), 2021 U.S. Dist. LEXIS 203563, at *11 (S.D.N.Y. Oct. 21, 2021) (quoting

---

[4]     Plaintiff is unable to satisfy the requirements of a negligence claim because he was not an NYU student at the time of the alleged events. In order to prevail on a negligence claim, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom. *Pasternack v Lab. Corp. of Am. Holdings*, 37 N.Y.S.3d 750, 750 (2d Cir. 2016).

*O'Reilly v. Archdiocese of New York*, 2021 N.Y. Misc. LEXIS 14979, at *7-8 (Sup. Ct., N.Y. Cty. 2021). Schools have a special duty of *in loco parentis* and must adequately supervise the students in their charge and may be liable for foreseeable injuries related to the absence of proper supervision. *Doe v. Poly Prep Country Day Sch.*, No. 20 Civ. 04718 (DG) (PK), 2022 U.S. Dist. LEXIS 177670, at *25 (E.D.N.Y. Sept. 29, 2022). The duty is premised on the special relationship between a school and a **minor** student, whereby a school takes physical custody of a child-student and replaces a parent-guardian. *See C.Q.,* 2021 U.S. Dist. LEXIS 203563 at *18, n.5 ("school districts act in *loco parentis* with respect to their minor students"). New York courts have rejected the doctrine of *in loco parentis* at the college level because colleges in general do not "have a legal duty to shield students from the dangerous activity of other students." *Hammond v. Lincoln Tech. Inst., Inc.*, No. 10 Civ. 1933 (JBW) (JMA), 2012 U.S. Dist. LEXIS 10902, at *21 (E.D.N.Y. Jan. 30, 2012) (quoting *Eiseman v. State of New York*, 70 N.Y.2d 175, 190 (1978)). New York courts have rejected the doctrine of in *loco parentis* at the university level. *Nungesser v. Columbia Univ.*, 169 F. Supp. 3d 353, 374 (S.D.N.Y. 2016). The doctrine does not apply to nonminor former students of a university. *See Ad-Hoc Comm. Of the Baruch Black & Hispanic Alumni Assn. v. Bernard M. Baruch College*, No. 84 Civ. 7236(RO), 1986 U.S. Dist. LEXIS 16484, at *6 (S.D.N.Y. Dec. 16, 1986) **(**finding that the college no longer acts in *loco parentis* toward alumni).There is absolutely no evidence that a special relationship existed between NYU and Plaintiff to invoke the *loco parentis* doctrine.

Even if Plaintiff could establish a special relationship under the doctrine of in *loco parentis*, which we deny, Plaintiff cannot establish the elements for breach of constructive/fiduciary trust. In New York, the elements of a constructive trust are: (1) a

15

confidential or fiduciary relationship[5]; (2) a promise, express or implied; (3) transfer made in reliance on that promise; and (4) unjust enrichment. *See Oneida Sav. Bank v. Uni-Ter Underwriting Mgmt. Corp.*, 5:13 Civ. 746 (MAD/ATB), 2014 U.S. Dist. LEXIS 130677, at *45 (N.D.N.Y. Sept. 18, 2014); *see also Barton v. SmartStream Techs.*, No. 16 Civ. 1718 (PAE), 2016 U.S. Dist. LEXIS 61485, *19 (S.D.N.Y. May 9, 2016).

Plaintiff does not plead the elements for a breach of constructive/fiduciary trust nor can Plaintiff establish the elements of this cause of action upon further amendment. Accordingly, Plaintiff's breach of fiduciary duty claim against NYU must be dismissed.

## POINT V

## PLAINTIFF'S CLAIM ALLEGING BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED FOR FAILURE TO PLEAD A VALID CLAIM.

In the event that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is not dismissed as duplicative, Plaintiff fails to plead a valid claim. In New York, there exists an implied covenant of good faith and fair dealing "pursuant to which neither party to a contract shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *JP Morgan Chase Bank, N.A. v. IDW Group, LLC*, No. 08 Civ. 9116 (PGG), 2009 U.S. Dist. LEXIS 9207, at *11 (S.D.N.Y. Feb. 9, 2009) (quoting *M/A-Com Security Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990)). "[W]here a party's acts subsequent to performance on the contract so directly destroy the value of the contract for another party that the acts may be presumed to be contrary to the intention of the parties, the implied covenant of good faith may be implicated." *Id*. at *11-12. However, the duty of good faith and fair dealing is "not without limits, and no obligation can be implied that 'would be inconsistent with

---

[5]     Plaintiff also alleges a breach of fiduciary duty, which is explained in further detail in Point V.

other terms of the contractual relationship.'" *McDonald's Corp. v. Hinksman*, No. 92 Civ. 3187 (DGT)1999 U.S. Dist. LEXIS 9587, at \*42 (E.D.N.Y. 1999) (quoting *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389 (1995)).

Plaintiff's sole statement regarding this allegation in his complaint is that "NYU violated multiple implied covenants of good faith and fair dealing with Annabi (and many other contestants." (Dkt. 37. Pg. 2, ⁋6). Plaintiff fails to plead any allegations to support this claim and in fact, there are no specific factual allegations against NYU to support this claim. Upon a liberal interpretation of the Amended Complaint, Plaintiff's cause of action is premised upon the fact that his competition entry was not chosen. His allegations create the additional obligation that in a contest, he had to be *guaranteed* an entry. Plaintiff first self-evaluates his entry as one that met the criteria for the competition (despite not being a judge and not knowing the full decision-making rationale) and then assumes that had NYU chosen the promised number of entries, his would have been chosen. Mr. Annabi expects NYU to act in such a way that creates the additional obligation of having to choose his entry, even though this concept goes against the very notion of competition. Plaintiff failed to allege how NYU owed any duty of good faith and fair dealing or breached any such duty whatsoever with regard to Plaintiff. NYU made no promises of guaranteed results for entering its competitions. As such, this claim must be dismissed as a matter of law.

Since Plaintiff fails to assert factual allegations from which the breach of the implied covenant of good faith and fair dealing could be discerned, his Causes of Action for violation of the breach of the implied covenant of good faith and fair dealing must be dismissed against NYU.

## POINT VI

## PLAINTIFF'S COMMON LAW CLAIMS MUST BE DISMISSED.

### A. Common-law and Constructive Fraud Claims Must Be Dismissed For Failure to Plead the Elements of the Claim

In the event Plaintiff's fraud claim is not dismissed as duplicative, Plaintiff's Cause of Action alleging fraud should be dismissed, as a matter of law, because Plaintiff has failed to plead his fraud claim with sufficient specificity.

Plaintiff does not satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b) to state a viable fraud claim. First, "the complaint must (1) detail the statements . . . that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements . . . were made, and (4) explain why the statements . . . are fraudulent." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015) (internal quotation marks omitted). Second, the complaint must "allege facts that give rise to a strong inference of fraudulent intent." *Id.* (internal quotation marks omitted). "The requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006) (internal quotation marks and citation omitted).

New York fraud claims require: (1) misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) caused injury to plaintiff. *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001). Fraud claims in New York require the plaintiff to plead scienter. *See Saltz v. First Frontier, LP*, 782 F. Supp. 2d. 61, 75 (S.D.N.Y. 2010).

18

It is unclear which statement Plaintiff is alleging was fraudulent other than general issues with how the competition was run. Plaintiff's sole allegation to support his fraud claim is that "NYU over-promis[ed] winning spots, but knowing in advance they may not have the man power, or in other words, they want to maintain low costs, is deceptive and fraudulent activity to the general consumer public. By not publishing the information session as is customary, every potential applicant who did not attend (such as Annabi who on a flight at the time) would be deceived." *See* Dkt. 37, pg. 56, ⁋117. His conclusory allegation that the Hackathon did not comply with legally required rules and disclosures is baseless. Dkt. 37, Pg. 24, ⁋33. Plaintiff fails to identify any rules and regulations that were not complied with and fails to connect how this is fraudulent. Further, Plaintiff does not allege where or when the purported statement was made, why the purported statement was fraudulent or facts that give rise to a strong inference of fraudulent intent.

Plaintiff has not provided any support besides conclusory allegations of fraud. Accordingly, it was unreasonable as a matter of law for Plaintiff to rely on any purported representations from NYU. Therefore, Plaintiff has failed to state a claim for fraud.

**B.** **Plaintiff Fails to Plead the Elements for a Claim of Negligent Misrepresentation**

In the event Plaintiff's claim for negligent representation is not dismissed as duplicative, it must still be dismissed. A claim for negligent misrepresentation must also satisfy Rule 9(b)'s heightened standard for pleading. *See Riker v. Premier Capital, LLC*, No. 15 Civ. 8293, 2016 U.S. Dist. LEXIS 129943, at \*14 (S.D.N.Y. Sept. 22, 2016) (finding that Rule 9(b)'s heightened standard applies to claims of negligent misrepresentation when the claim "sounds in fraud").

To state a claim for negligent misrepresentation, a plaintiff must assert: (1) that the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that they knew to be incorrect; (3) information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied upon it to their detriment. *Eidelman v. Sun Prods. Corp.*, No. 16 Civ. 3914 (NSR), 2017 U.S. Dist. LEXIS 156420, at *15 (S.D.N.Y. Sept. 25, 2017).

The duty or special relationship element limits negligent misrepresentation claims to claims involving "actual privity of contract between the parties or a relationship so close as to approach that privity." *Anschutz Corp v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012). In the absence of some relationship of trust or confidence between the parties, New York courts will not recognize a cause of action for negligent misrepresentation. *See Amusement Indus., Inc. v. Stern*, 786 F. Supp. 2d 758, 778 (S.D.N.Y. 2011). The alleged relationship between Mr. Annabi and NYU is that of a contestant and holder of the competition. The competition was publicly declared and there was no specific trust or confidence between the parties. Plaintiff fails to plead any of these elements, specifically if there were any false representations or how Plaintiff relied upon it to his detriment.

C. **Plaintiff Fails to Plead the Elements for a Claim of Promissory Estoppel**

In the event Plaintiff's promissory estoppel claim is not dismissed as duplicative, it must still be dismissed. The elements of promissory estoppel are (1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance by the party to whom the promise was made; and (3) injury sustained by the party as a result of this reliance. *Mayaguez S.A. v. Citibank, N.A.*, No. 16 Civ. 6788 (PGG) (JLC), 2022 U.S. Dist. LEXIS 54936, at *109 (S.D.N.Y. Mar. 25, 2022).

Plaintiff has failed to identify any clear and unambiguous promise, reasonable foreseeable reliance, and an injury sustained based on his reliance on that promise upon which he bases this additional claim. As such, no such claim can be pursued as a matter of law. Plaintiff has not identified any rules or guidance published by NYU regarding the contest that was considered a promise. Plaintiff's entry not being chosen in a competition can hardly be seen as a violated promise that resulted in injury.

### D.  Plaintiff Fails to Plead the Elements for a Claim of Unjust Enrichment

In the event Plaintiff's claim for unjust enrichment is not dismissed as duplicative, it must still be dismissed. Plaintiff does not specifically allege how NYU was unjustly enriched since the factual basis for the cause of action is duplicative of every other cause of action in the Amended Complaint. The "theory of unjust enrichment lies as a quasi-contract claim, and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties." *Dervan v. Gordian Grp. LLC*, No. 16 Civ.1694 (AJN), 2017 U.S. Dist. LEXIS 28551, at *16-17 (S.D.N.Y. Feb. 28, 2017) (citation omitted). To prevail on a claim for unjust enrichment, plaintiff must establish that "defendants were enriched, at the plaintiff's expense, and that it is against equity and good conscience to permit the defendants to retain what is sought to be recovered." *Mayaguez S.A.*, at *109.

Plaintiff's unjust enrichment claims should be dismissed as against NYU because Plaintiff has again failed to allege how NYU was enriched at his expense. Plaintiff fails to show how NYU was enriched by Plaintiff's entry fee of $100. Even if Mr. Annabi successfully argues that the $100 fee he paid for the competition enriched NYU, it is a standard fee for entering the contest and it is not against equity to allow NYU to keep this fee as Plaintiff's contest entry was evaluated for its merits. Plaintiff cannot establish any benefit conferred upon the University and

21

any allegation of the benefits conferred is conclusory. Plaintiff fails to allege the first element of an unjust enrichment claim—that is, that NYU was enriched.

Second, Plaintiff continuously fails to allege or establish that the parties shared a relationship which would have given rise to reliance or inducement. Plaintiff's Amended Complaint clearly shows that the entry fee for any competition was paid in *hopes* of winning the competition, not with the expectation of winning. Therefore, it is axiomatic that Plaintiff was induced to enter the competition. *See Zim Am. Integrated Shipping Servs. Co., LLC v. Sportswear Grp., LLC*, No. 20 Civ. 4838 (LJL), 2021 U.S. Dist. LEXIS 223441, at *21 (S.D.N.Y. Nov. 18, 2021) (quoting *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 517 (2012)) ("a claim for unjust enrichment may be dismissed 'where the pleadings fail to indicate a relationship between the parties that could have caused reliance or inducement'"). Accordingly, Plaintiffs fail to allege or establish a claim for unjust enrichment and this claim should be dismissed.

### E. Plaintiff Fails to Plead the Elements for a Claim of Breach of Fiduciary Duty

To recover damages for breach of fiduciary duty, plaintiff must allege: (1) existence of a fiduciary relationship; (2) misconduct by the defendant; and (3) damages directly caused by the breach. *See Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 241 (2d Cir. 2020). A typical student-university relationship does not establish a fiduciary relationship between the student and the university. *See Moy v. Adelphi Institute*, 866 F. Supp. 696, 708 (E.D.N.Y. 1994). Mr. Annabi's allegations seem to imply that his relationship with NYU as an alum and former student would establish some fiduciary relationship. However, his claims will fail because there does not exist a fiduciary relationship between himself and NYU in any capacity.

"A breach of fiduciary duty claim based on fraud must be pled with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure." *Sotheby's, Inc. v. Minor*, No. 08

22

Civ. 7694 (BSJ)(HBP), 2009 U.S. Dist. LEXIS 99332, at *22 (S.D.N.Y. Oct. 26, 2009). Plaintiff

has not met his burden of pleading his fraud claim with any particularity.

First, Plaintiff has not asserted facts, with the requisite specificity, to demonstrate

the existence of *any* fiduciary relationship with respect to NYU. "A fiduciary relationship exists

between two persons when one of them is under a duty to act for . . . the benefit of another upon

matters within the scope of the relation." *Frand v. Wolinger*, No. 18 Civ. 4816 (VB)2019 U.S.

Dist. LEXIS 71886, at *9-10 (S.D.N.Y. Apr. 29, 2019) (internal citations omitted). NYU was

under no such duty to Plaintiff – indeed, Plaintiff fails to allege what duty purportedly was owed

or why. Thus, Plaintiff has not met the first component of the claim.

Even if Plaintiff has asserted facts to demonstrate the existence of a fiduciary

relationship (he has not), Plaintiff's breach of fiduciary duty claim must be dismissed because

Plaintiff fails allege with specificity what misconduct NYU purportedly engaged in and any

damages that stemmed directly from this alleged misconduct. *See Sotheby's Inc.*, 2009 U.S. Dist.

LEXIS 99332, at *22.

### POINT VII

### PLAINTIFF FAILS TO PLEAD A CAUSE OF ACTION DISCRIMINATION OR RETALIATION UNDER TITLE VI.

To establish a claim under Title VI, the plaintiff must allege: (1) defendant

discriminated against him on the basis of national origin, race, or color; (2) the discrimination was

intentional; (3) and the discrimination was a substantial or motivating factor for the defendant's

actions. *See Bibliotechnical Athenaeum v. Am. Univ. of Beirut*, No. 21-1642, 2022 U.S. App.

LEXIS 6208 at *2 (2d Cir. 2022). "Naked allegations that plaintiffs were treated differently from

others outside of the protected class cannot demonstrate entitlement to Title VI relief." *Kajoshaj*

*v. New York City Department of Education*, 543 F. App'x 11, 14 (2d Cir. 2013); *see also Manolov*

23

*v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 532 (S.D.N.Y. 2013) (dismissing plaintiff's Title VI claim where the plaintiff does not "allege that any defendant referred to his race… nor does he recite any other fact from which race-based discriminatory intent reasonably could be inferred").

Plaintiff makes conclusory allegations of discrimination and deceptive practices without any proof. *See* Dkt. 37, pg. 14, ¶12. Plaintiff further states that "it is plausible that the NYU's discriminatory actions are influenced by the Rennert Family[6]'s well-documented large and consistent financial contributions and support of local and foreign extreme right-wing politicians and organisations who hold prejudiced views, and take negative actions, against immigrants, Muslims, non-Whites, and others." *See* Dkt. 37, pg. 22, ¶29. Plaintiff's conclusory and unsubstantiated arguments relating to the program donor's further donations to other organizations which may have ties to discriminatory animus is a stretch to confer discriminatory animus on NYU. *See* Dkt. 37, pg. 22, ¶29.

Plaintiff further alleges that other teams were not as qualified as him but these speculative allegations do not support any claim of discrimination. *See* Dkt. 37, pg. 49, ¶100. Plaintiff further alleges that "NYU has placed a discriminatory condition that he must have a prototype to use any Berkley Center program, contest, or resource." *See* Dkt. 37, pg. 50, ¶102. Plaintiff further alleges that "Challenge contest judges' written evaluation had many statements that were substantially not reflective of the submission write-up, with many comments having no basis in fact, mysteriously and conveniently showing no understanding of major and well known

---

[6] The Rennert Family is an alleged funder of the Challenge. Plaintiff "does not infer or imply any role in the discrimination or any NYU decision making involvement in this matter" by the Rennert Family but then details the groups that the Rennert family also donates to as support for NYU's alleged discriminatory decisions. *See* Dkt. 37, pg. 21-22, ¶¶27-29.

industry trends and concepts despite being subject matter experts and experienced professionals, all in all indicating discriminatory sabotage." *See* Dkt. 37, pg. 51, ¶104. Plaintiff alleges that he was banned from the Berkley Center unless multiple discriminatory conditions were met, but does not describe what these alleged discriminatory conditions are. *See* Dkt. 37, pg. 15, ¶16. Plaintiff's subjective and conclusory allegations do not provide any evidence of discrimination based on protected characteristics to support a claim of discrimination under Title VI.

Plaintiff has not provided any allegations to show that his race, color, or national origin was the motivating factor behind his competition entry not being chosen nor for the curtailing of his excessive use of the Berkley Center. Any allegations of discrimination on the basis of his religion are also barred because "religious views are not a protected category under Title VI. *See Weiss v. City Univ. of N.Y.*, No. 17 Civ. 3557 (VSB), 2019 U.S. Dist. LEXIS 43869, at *25, n.11 (S.D.N.Y. Mar. 18, 2019).

Plaintiff also alleges retaliation under Title VI. Plaintiff has failed to plead any elements of retaliation beyond his conclusory allegation that he is banned from using advisory sessions.

For the same reasons, Plaintiff's retaliation claims under Title VI must also be dismissed. To plead a claim for retaliation under Title VI, a plaintiff must allege: (1) participation in a protected activity known to the defendants; (2) adverse action by the defendants against the plaintiff; and (3) a causal connection between the plaintiff's protected activity and defendants' adverse action." *Bloomberg v. N.Y. City Dep't of Educ.*, 410 F. Supp. 3d 608, 624 (S.D.N.Y. 2019). The causal connection may be shown either indirectly, "by presenting evidence of temporal proximity between the protected activity and adverse action, or through other evidence such as different treatment of similarly situated [individuals]," or directly, "through evidence of retaliatory

animus directed against" plaintiff. *Verdi v. City of New York*, 306 F. Supp. 3d 532, 542-43 (S.D.N.Y. 2018) (internal citations omitted).

Plaintiff has not presented any evidence that he partook in a protected activity. Plaintiff has not alleged any action on his part before receiving the November 10, 2021 email capping his access to the Berkley Center advising appointments. Dkt. 37, pg. 37-38, ¶66. He fails to allege any indirect or direct evidence to show that he was retaliated against for participating in any protected activity.

## POINT VIII

## PLAINTIFF FAILS TO PLEAD AN ACTION UNDER THE GROVE CITY BILL.

The Civil Rights Restoration Act of 1987 amended Title IX to provide an interpretation of the term "program and activity" which receives Federal funding assistance. The definition of eligible programs and activities included "all the operations of…an entire corporation… or other private organization" to which financial assistance was extended. 20 U.S.C. § 1687; *see also*, *Glaser v. Upright Citizens Brigade LLC*, No 18-CV-971 (JPO), 2020 U.S. Dist. LEXIS 56228, at *7 (S.D.N.Y. Mar. 31, 2020).

Plaintiff does not bring forth a claim under Title IX and only alleges that NYU has to comply with civil rights legislation simply because the entity as a whole receives federal funding and therefore all of its operations, including the competitions held by NYU, have to comply. Plaintiff further admits that the Competition is funded by alumni, as detailed above. As such, Plaintiff has no standing nor has he properly pled a violation of the Grove City Bill.

## POINT IX

## PLAINTIFF FAILS TO COMPLY WITH STAUTORY REQUIREMENTS FOR AGE DISCRIMINATION OR RETALIATION UNDER THE ADA.

Prior to bringing a claim under the Age Discrimination Act, the plaintiff must

comply with statutory notice requirements and must first exhaust administrative remedies and may only commence an action after 180 days after filing a complaint with a federal agency during which time the agency either make no finding regarding the complaint or issues a finding in favor of the entity. 42 U.S.C. § 6104(e)(1)-(2). *See Esposito v. Hofstra Univ.*, No. 11 Civ. 2364, 2012 U.S. Dist. LEXIS 23971, at *10 (E.D.N.Y. Feb. 24, 2012). The plaintiff must provide notice of the action by registered mail to the U.S. Secretary of Health and Human Services, the U.S. Attorney General and defendants at least thirty days before commencement of the action. 42 U.S.C. § 6104(e)(1). Without these compliances, the court lacks subject matter jurisdiction over the claims. *See Chandrapaul v. City Univ. of N.Y.*, No. 14 Civ. 790 (AMD) (CLP), 2016 U.S. Dist. LEXIS 52961, at *51 (E.D.N.Y. Apr. 26, 2016) (internal citations omitted). The claim must therefore be dismissed. Fed. R. Civ. P. 12(h)(3); *id*. at *52; *see also Stoner v. Young Concerts Artists, Inc.*, No. 13 Civ. 4168 (LAP), 2014 U.S. Dist. LEXIS 23423, at *6 (S.D.N.Y. Feb. 7, 2014) (dismissing the plaintiff's Age Discrimination Act claim because he did not indicate compliance with the statute's requirements in his complaint).

## POINT X

### PLAINTIFF IS NOT AN EMPLOYEE OF NYU TO HAVE STANDING TO PLEAD VALID CLAIMS UNDER THE ALLEGED DISCRIMINATION STATUTES.

Plaintiff's discrimination claims fail because he is not an employee of NYU. While employment discrimination plaintiffs are not required to plead a *prima facie* case of discrimination, a plaintiff still must allege a plausible claim of discrimination, and the elements of a prima facie case provide a useful "guidepost" in assessing whether a plaintiff has done so. *See Durant v. N.Y.C. Hous. Auth.*, No. 12 Civ. 937 (NGG) (JMA), 2013 U.S. Dist. LEXIS 45946, at *12 (E.D.N.Y. Mar. 4, 2013) (emphasis added).

To qualify as a covered non-employee—a standard that differs slightly depending

on whether the Court is applying state or local law—Plaintiff must plausibly allege that he was paid by NYU or that he received something of substantial value from it in exchange for his work. *Areu v. Fox News Network, LLC*, No. 20 Civ. 8678 (RA), 2021 U.S. Dist. LEXIS 171332, at *3 (S.D.N.Y. Sep. 9, 2021). Because Plaintiff has not made such a showing, nor alleged that he was an NYU employee, the Court must dismiss his claims of discrimination.

### A. **There Are No Allegations In The Complaint To Support Plaintiff's NYSHRL Claims.**

The NYSHRL applies to employers, licensing or employment agencies, housing providers, and any person in control of any place of public accommodation, resort, or amusement. NYS Exec. L. § 296, et seq. Although the NYSHRL does not specifically define employee, Courts have held that the standards for recovery under the NYSHRL are the same as the federal standards under Title VII. *Areu,* 2021 U.S. Dist. LEXIS 171332, at *25; *Baldwin v New York*, No. 13 Civ. 485 (HBS), 2015 U.S. Dist. LEXIS 114540 (W.D.N.Y. Aug. 28, 2015) (As broad as Title VII's protections are, Congress wrote the statute to address discrimination in the workplace, not the classroom). However, the NYSHRL has a specific provision for unlawful discriminatory practices relating to non-employees and covers those who "provid[e] services [to an employer] pursuant to a contract in the workplace or who [are] employee[s] of such contractor, subcontractor, vendor, consultant or other person providing services pursuant to a contract in the workplace." N.Y. Exec. Law § 296-d.

Plaintiff is not an NYU employee, nor did he provide any services to NYU as an employee of a contractor, subcontractor, vendor, consultant or other person providing services to NYU. Accordingly, Plaintiff's NYSHRL claims must be dismissed.

28

**B. <u>There Are No Allegations In The Complaint To Support Plaintiff's NYCHRL Claims.</u>**

Like the NYSHRL, the NYCHRL also applies to employers, licensing or employment agencies, housing providers, and any person in control of any place of public accommodation, resort, or amusement. N.Y.C. Admin. Code § 8-101, et seq. The NYCHRL also makes it unlawful for an employer to discriminate against "any person…in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin Code § 8-107(1)(a). Although this statutory provision does not use the word employee, Courts have routinely found that the threshold remuneration condition that is essential for an individual to qualify as an 'employee' under Title VII and the NYSHRL also applies to NYCHRL claims. *Areu*, 2021 U.S. Dist. LEXIS 171332, at *27. However, the NYCHRL has a provision that extends coverage to non-employees that specifically extends coverage to interns, freelancers, independent contractors, and domestic workers. N.Y.C. Admin. Code § 8-107. Plaintiff is not an employee, intern, freelancer, independent contractor, and domestic worker of NYU to have standing for this claim and for the same reasons belabored above, Plaintiff's NYCHRL claims must be dismissed.

Plaintiff does not have any employee or qualifying non-employee relationship with NYU and cannot establish standing[7] to bring discrimination claims under the NYSHRL or the NYCHRL. For these reasons outlined above, Plaintiff's discrimination claims under the NYSHRL and the NYCHRL should be dismissed as a matter of law.

---

[7]     Even if the Court found Plaintiff has standing, Plaintiff does not adequately substantiate any allegations to support his age, race, religion, and national origin discrimination claims. He does not provide any details of any discrimination, except one conclusory allegation that NYU provided alcohol at an event was evidence of religious discrimination. Plaintiff does not allege that he was harmed in any way other than conclusory allegations of physical pain to his eyes and wrists for working on his submissions on a laptop. *See Patterson v County of Oneida*, 375 F3d 206, 229 (2d Cir 2004) (plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action).

## POINT XI

## PLAINTIFF CANNOT SUBSTANTIATE NYU COMMITTED FALSE ADVERTISING TO THE PUBLIC AT LARGE UNDER THE GBL.

The New York Deceptive Practices Act makes it unlawful to conduct deceptive practices in the course of business. GBL § 349. To state a cause of action under this statute, the plaintiff must allege: 1) that the act or practice was consumer-oriented; 2) the act or practice was misleading in a material respect; and 3) plaintiff was injured as a result. *See Costigan v. CitiMortgage, Inc.*, No. 10 Civ. 8776 (SAS), 2011 U.S. Dist. LEXIS 84860, at *16 (S.D.N.Y. Aug. 1, 2011).

To show that the practice was consumer-oriented, the plaintiff will have to show that defendant's acts or practices have a broad impact on consumers at large. *See Occidental Chem. Corp. v. OHM Remediation Servs.*, No. 94 Civ. 959S(H), 1997 U.S. Dist. LEXIS 6376 (W.D.N.Y. April 28, 1997) (finding that plaintiff failed to satisfy the consumer-oriented factor because the alleged act was only potentially harmful to other businesses). The standard for recovery under GBL § 350 is the same as GBL § 349. *See Bezuska v. L.A. Models, Inc.*, No. 04 Civ. 7703 (NRB), 2006 U.S. Dist. LEXIS 13620, at *48 (S.D.N.Y. 2006).

Allowing plaintiff to assert a GBL claim based solely on its alleged private business damages would open the gate to "a tidal wave of litigation against businesses that was not intended by the [New York] legislature." *Family Fashions, Inc. v Sterling Jewelers, Inc.*, No. 18 Civ. 9919, 2019 U.S. Dist. LEXIS 136325, at *18 (S.D.N.Y. Aug. 12, 2019) (internal citations omitted). GBL §§ 349 and 350 further bar the right against derivative actions, where Plaintiff alleges only an indirect or derivative injury and therefore, does not have standing under the GBL. *In re Tether & Bitfinex Crypto Asset Litig.*, 576 F. Supp. 3d 55 (S.D.N.Y. 2021) (internal citations omitted).

General references to advertisements and statements will not be sufficient to allege

30

a deceptive act or practice. *Manchanda v. Navient Student Loans & Educ. Credit Mgt. Corp.*, No. 19 Civ. 5121, 2020 U.S. Dist. LEXIS 179428, at *16 (S.D.N.Y. Sep. 29, 2020) (internal citations omitted). To allege a claim under the GBL, Plaintiff must identify a "connection between the misrepresentation and any harm from, or failure of, the product." *Cohen v. Casper Sleep Inc.*, No. 17 Civ. 9325, 2018 U.S. Dist. LEXIS 116372, at *20 (S.D.N.Y. July 12, 2018) (internal citations omitted). Plaintiff must plead that he has "suffered actual injury caused by a materially misleading" act, not that a misleading act led to further steps which eventually harmed them. *Frintzilas v. DirecTV, LLC*, 731 F App'x. 71, 72 (2d Cir. 2018) (internal citations omitted).

Plaintiff has not made any allegation of a deceptive practice by NYU that has a broad impact on consumers at large beyond speculation. Plaintiff alleges that "NYU's ability to cash in on its preferred stock would be more problematic than if it were to invest in other ventures. This is a clear example of the conflict of interest of NYU judges, who are not third-party judges as NYU falsely advertises in its selection process. This is also proof of NYU Stern's false advertising that it is "radically responsible" amongst other claims." Dkt 37., Pg. 33, ¶57. The Hackathon and Challenge run by NYU cannot be considered consumer-oriented and have no impact on the public at large. There is no connection between the alleged misrepresentation and any harm from, or failure of, the "product." Further, any alleged harm sustained by Plaintiff is derivative and is not a basis for a violation of GBL §§ 349 and 350. Accordingly, Plaintiff's claims that NYU violated GBL §§ 349 and 350 should be dismissed as a matter of law.

### POINT XII

### PLAINTIFF CANNOT SUBSTANTIATE NYU COMMITTED ANY DECEPTIVE PRACTICES TO THE PUBLIC AT LARGE.

The Federal Lanham Act prohibits any person, in connection with any goods or services, from using any false or misleading descriptions of fact. 15 U.S.C. § 1225(a)(1)(B). The

Act provides a viable claim only to plaintiffs who suffered a commercial injury caused by a false advertisement. *See Dependable Sales & Serv. V. TrueCar, Inc.*, 394 F. Supp. 3d 368, 372 (S.D.N.Y. 2019).

Although the language of the Lanham Act authorizes suit by "any person who believes he or she is likely to be damaged" by the false advertising, Courts have looked to a zone of interests to determine appropriate plaintiffs. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) (holding that a plaintiff must allege an injury to a commercial interest in reputation or sales). Plaintiff's claim fails because he does not allege a commercial interest in reputation or sales. Although Plaintiff alleges that he potentially lost out on funding from the competition, there is nothing to indicate that even if he were chosen to partake in the competition, he would have won the monetary prizes. *See N. Am. Olive Oil Assn. v D'Avolio Inc.*, 457 F Supp 3d 207, 224 (E.D.N.Y. 2020) (holding Defendants not liable for generalized or exaggerated statements which a reasonable consumer would not interpret as a factual claim upon which he could rely); *United States v. Avteq, Inc.*, No. SA-14-CA-528 (OLG), 2015 U.S. Dist. LEXIS 194643, at *28 (W.D. Tex. Dec. 22, 2015) (holding the plaintiff did not plead a particularized statement of facts to show a direct and material correlation between the defendants' alleged false advertising or deceptive business practice and what loss the plaintiff suffered). Accordingly, Plaintiff's claims that NYU violated the Federal Lanham Act should be dismissed as a matter of law.

## POINT XIII

## PLAINTIFF FAILS TO PLEAD A CAUSE OF ACTION UNDER §1981.

To establish a claim under § 1981, the plaintiff must show: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of the plaintiff's race; and (3) the discrimination concerned one or more of the statutorily numerated activities. *Gray v. City*

32

*of New York*, 10 Civ. 3039 (SLT)(CLP), 2014 U.S. Dist. LEXIS 202727, at *41-42 (E.D.N.Y. Feb. 25, 2014). A plaintiff must "plead sufficient facts to state a plausible claim for relief" and cannot rely on "wholly conclusory allegations of discriminatory intent." *Zavalidroga v. Cote*, 395 Fed. Appx. 737, 740 (2d Cir. 2010); *see also Gray*, 2014 U.S. Dist. LEXIS 202727, at *44-45 (finding that the plaintiff's speculation that defendant prevented plaintiff from practicing his profession due to his race was insufficient to state a claim under 42 U.S.C. § 1981).

The *McDonnell Douglas* analysis also applies to claims under § 1981. *See Reimers-Fincher v. Nassau Health Care Corp.*, No. 08 Civ. 2397(DRH)(GRB), 2014 U.S. Dist. LEXIS 2206, at *31 (E.D.N.Y. Jan. 8, 2014). Plaintiff has not shown that there was a discriminatory intent for NYU's alleged actions towards him. Although there were White contestants who were accepted into the contest and given appointments at the Berkley Center, there is nothing to suggest Plaintiff's race was the reason why he was denied the same benefits.

## POINT XIV

## PLAINTIFF'S INJUNCTIVE RELIEF CLAIM IS NOT LEGALLY COGNIZABLE.

Plaintiff's Cause of Action for "equitable relief" – specifically, injunctive relief (Dkt. 37, Pg. 57-59) – should be dismissed because injunctive relief is a remedy, not a separate cause of action. *See Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 407 – 08 (S.D.N.Y. Nov. 15, 2010) ("Injunction is not a separate cause of action; it is a remedy"). Allegations of past exposure to illegal conduct is insufficient to clear the standing bar for injunctive relief. *Duran v Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 355-356 (S.D.N.Y. 2020). "If the Plaintiff has viable claims under any of the [other] causes of action, and if those claims entitle them to injunctive relief, then they can apply for that remedy once liability has been established." *Christe*, 756 F. Supp. 2d at 407-408.

## POINT XV

## IF PLAINTIFF'S COMPLAINT IS NOT DISMISSED, THIS MATTER MUST BE REMANDED AS PLAINTIFF DOES NOT HAVE DIVERSITY IN THIS MATTER.

Plaintiff filed his Complaint in this action based on his address in the United Kingdom. Dkt. 1. However, Plaintiff has filed a more recent action against nonparty Kissinger Sibanda in New York Civil Court, where Plaintiff lists his residence using a New York address. A copy of the summons is annexed hereto as **Exhibit B**.

Where, as here, all federal claims should be dismissed, any remaining state or local claims should be dismissed for lack of supplemental jurisdiction. *See Pot Luck, L.L.C. v. Freeman*, No. 06 Civ. 10195 (DAB)2009 U.S. Dist. LEXIS 25097, at *14 (S.D.N.Y. Mar. 10, 2009) ("[b]ecause the Court has dismissed all of Plaintiff's claims arising under Federal Law, and because Plaintiff does not base subject-matter jurisdiction on diversity of the parties, the remainder of Plaintiff's complaint must be dismissed for lack of supplemental jurisdiction under 28 U.S.C. § 1367"); *see also Picaro v. Pelham*, No. 14 Civ. 7398 (DAB), 2016 U.S. Dist. LEXIS 46580, at *69 (S.D.N.Y. Mar. 31, 2016) ("given the early stage of the litigation, the Court finds that judicial economy and convenience would not be served by exercising supplemental jurisdiction over the City law claims against the Defendants given the federal claims against them are dismissed herein"). Accordingly, all of Plaintiff's remaining claims, which do not arise under federal law, should be dismissed.

## POINT XVI

## THE COURT MUST DISMISS PLAINTIFF'S REQUEST FOR A PUTATIVE CLASS ACTION.

A court may properly rule on plaintiff's class standing at the motion to dismiss stage. *Holve v. McCormick & Co.*, 334 F. Supp. 3d 535, 550 (W.D.N.Y. Aug. 14, 2018). A plaintiff has standing to bring forth a putative class action when he plausibly alleges "(1) that he personally

34

has suffered some actual injury as a result of the putatively illegal conduct of the defendant, and (2) that such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants." *N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, No. 08 Civ. 5653 (PAC), 2013 U.S. Dist. LEXIS 12640 at *7-8 (S.D.N.Y. Jan. 23, 2013). Plaintiff has failed to show that he suffered actual injury as a result of the alleged conduct by NYU nor has he shown that other members of the putative class have suffered injury as a result of the same conduct. Accordingly, the Court must dismiss Plaintiff's request for a putative class action.

## POINT XVII

## PLAINTIFF'S PLEADINGS DETAILING NONRELEVANT ALLEGATIONS SHOULD BE STRICKEN.

Rule 12(f) provides that a court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may strike a rogue pleading or document where a plaintiff fails to comply with Court rules. The District Court has the inherent authority to strike inappropriate documents in the record, including affidavits and declarations. *NRDC v. United States FDA*, 884 F. Supp. 2d 108, 116 n.5 (S.D.N.Y. Aug. 8, 2012) ("A court has 'inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.'") (quoting *In re Bear Stearns Cos., Inc., Securities, Derivative, and ERISA Litigation*, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011)).

Here, Plaintiff's "Additional Allegations in Support" section of his Amended Complaint should be stricken from the pleadings. Plaintiff admits he does not have standing for any of his allegations in this section and these allegations are highly inappropriate and inflammatory. Dkt. 37, Pg. 7-9.

## POINT XVIII

## PLAINTIFF'S SHOULD BE REQUIRED TO REIMBURSE NYU FOR FEES INCURRED.

Rule 11 authorizes a district court to sanction a *pro se* party who, without reasonable inquiry, tenders a submission that includes frivolous legal arguments that have no chance of success, and factual contentions contrary to undisputed evidence. *See* FED. R. CIV. P. 11(b). "Sanctions under Rule 11 do not require a finding of bad faith," but rather "[t]he operative question" is "whether the argument is frivolous, *i.e.,* the legal position has no chance of success, and there is no reasonable argument to extend, modify, or reverse the law as it stands." *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 337 (2d Cir. 1999) (*quoting Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011)). "Reasonableness" is measured by an "objective standard." *Margo v. Weiss,* 213 F.3d 55 (2d Cir. 2000); *Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.,* 28 F.3d 259 (2d Cir. 1994); *Derechin v. State University of N.Y.,* 963 F.2d 513 (2d Cir. 1992). Stated otherwise, Rule 11 does not permit an "empty-head pure-heart" defense. *Margo v. Weiss,* 213 F.3d 55, 64 (2d Cir. 2000) (*citing* 1993 Advisory Committee Rules, Note to 1993 amendments to Fed. R. Civ. P. 11).

A district court may also invoke its inherent powers to impose sanctions upon a finding that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.,* motivated by improper purposes such as harassment or delay." *Offor v. Mercy Medical Ctr.*, No. 15-cv-2219 (ADS)(SIL), 2016 Lexis 83049, at *2 (E.D.N.Y. June 25, 2016), *aff'd* 698 Fed. App'x 11 (2d Cir. 2017).

Given Plaintiff's Amended Complaint is frivolous, without merit and is being presented for an improper purpose, such as to harass, cause unnecessary delay, and needlessly increase the cost of litigation, NYU requests the Court sanction Plaintiff by reimbursing NYU for

36

its legal fees

## **CONCLUSION.**

Based upon the foregoing, NYU respectfully requests the Court to enter an Order:

(1) dismissing Plaintiff's Amended Complaint, in its entirety and with prejudice; (2) directing

Plaintiff to reimburse NYU for its legal fees incurred for having to defend Plaintiff's frivolous

action; and (3) awarding NYU such other and further relief as the Court deems just and proper.

Dated: January 13, 2023
      White Plains, New York

                Respectfully submitted,

                JACKSON LEWIS P.C.
                44 South Broadway, 14th Floor
                White Plains, New York 10601
                (914) 872-8009

By:        _____

                Joseph DiPalma
                Poonam Sethi

                *Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

KARIM ANNABI,

                              Plaintiff,

         -against-

NEW YORK UNIVERSITY STERN SCHOOL OF
BUSINESS.

                            Defendant.

Case No. 1:22-CV-03795 (LJL)

---------------------------------------------------------------X

## <u>CERTIFICATE OF SERVICE</u>

        This is to certify that a true and correct copy of the foregoing Memorandum Of Law

In Support Of Defendant's Motion To Dismiss Plaintiff's Complaint was filed and served via ECF

and UPS, on January 13, 2023 upon Plaintiff Pro Se at the address set forth below:

Karim Annabi
35 Priory Crescent
Southend, Essex
SS26JY
karim.annabi@gmail.com
*Pro Se Plaintiff*

                                          *Nancy Scales*

                                      Nancy Scales

4857-7275-2201, v. 1