UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

KARIM ANNABI,

                                    Plaintiff,

      -against-

NEW YORK UNIVERSITY STERN SCHOOL OF
BUSINESS,

                                  Defendant.

Case No. 1:22-CV-03795-LJL

------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

                                JACKSON LEWIS P.C.
                                44 South Broadway, 14th Floor
                                White Plains, New York 10601
                                Tel.:  (914) 872-8060
                                Fax:  (914) 946-1216

                                Joseph J. DiPalma
                                Poonam Sethi
                                *Attorneys for Defendant*

## **TABLE OF CONTENTS**

**Page**

PLAINTIFF'S ADDITIONAL "FACTUAL" ASSERTIONS MUST BE DISREGARDED ....... 2

PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT VIOLATES FED R. CIV. P. 8(a) ................................................................................................ 3

PLAINTIFF'S BREACH OF CONTRACT CLAIMS FAIL AS A MATTER OF LAW ............. 4

SEVERAL OF PLAINTIFF'S CLAIMS ARE DUPLICATIVE AND ARE INSUFFICIENTLY PLED.................................................................................................................................. 5

PLAINTIFF FAILS TO PLEAD A CAUSE OF ACTION DISCRIMINATION OR RETALIATION UNDER TITLE VI OR THE GROVE CITY BILL .......................................... 8

PLAINTIFF CANNOT SUBSTANTIATE NYU COMMITTED FALSE ADVERTISING OR DECEPTIVE PRACTICESTO THE PUBLIC AT LARGE .......................................................... 9

PLAINTIFF'S INJUNCTIVE RELIEF CLAIM IS NOT LEGALLY COGNIZABLE .............. 10

THE COURT MUST DISMISS PLAINTIFF'S REQUEST FOR A PUTATIVE CLASS ACTION .................................................................................................................................. 10

PLAINTIFF SHOULD NOT BE GIVEN AN OPPORTUNITY TO AMEND HIS COMPLAINT AS IT WOULD BE FUTILE.................................................................................................... 10

CONCLUSION........................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atlanta Shipping Corp., Inc. v. Chemical Bank*,
   631 F. Supp. 335 (S.D.N.Y. 1986) ............................................................................................3

*Azzarmi v. Neubauer*,
   No. 20 Civ. 9155 (KMK), 2022 U.S. Dist. LEXIS 169932 (S.D.N.Y. Sep. 20,
   2022) .........................................................................................................................................4

*Basso v. N.Y. Univ.*,
   No. 16 Civ. 7295 (VM), 2020 U.S. Dist. LEXIS 223211 (S.D.N.Y. Nov. 30,
   2020) .........................................................................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................................1

*Benzo v. New York State Div. of Human Rights*,
   No. 95 Civ. 5362 (LAP), 1997 U.S. Dist. LEXIS 901 (S.D.N.Y. Jan. 29, 1997)......................4

*Blagman v. Apple, Inc.*,
   No. 12 Civ. 5453 (ALC) (JCF), 2013 U.S. Dist. LEXIS 71280 (S.D.N.Y. May
   20, 2013) .................................................................................................................................10

*Blockchange Ventures I GP, LLC v. Blockchange, Inc.*,
   21 Civ. 891 (PAE), 2021 U.S. Dist. LEXIS 181104 (S.D.N.Y. Sep. 22, 2021) ........................9

*Bridgestone/Firestone v Recovery Credit Servs.*,
   98 F3d 13 (2d Cir. 1996)............................................................................................................7

*de Leon v. N.Y. Univ.*,
   21 Civ 05005 (CM), 2022 U.S. Dist. LEXIS 10723 (S.D.N.Y. Jan. 20, 2022) ........................8

*Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*,
   837 F. Supp. 2d 162 (S.D.N.Y. 2011).......................................................................................6

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009).........................................................................................................1

*Harris v. Provident Life & Accident Ins. Co.*,
   310 F.3d 73 (2d Cir. 2002).........................................................................................................6

*Jones v. Nat'l Communs. & Surveillance Networks*,
   266 Fed. Appx. 31 (2d Cir. 2008)..............................................................................................4

*Lomax v. Aegis Funding Corp.*,
    No. 09 Civ. 2321, 2010 U.S. Dist. LEXIS 39075 (E.D.N.Y. Apr. 19, 2010) ............................ 1

*Lorquet v. SCO Fam. of Servs.*,
    No. 14 Civ. 6845 (DLI)(LB), 2016 U.S. Dist. LEXIS 45045 (E.D.N.Y. Mar.
    31, 2016) ................................................................................................................................ 1

*Meyers v Fabrics*,
    65 NY2d 75 (1985) ................................................................................................................ 6

*Papa's-June Music, Inc. v McLean*,
    921 F Supp 1154 (S.D.N.Y. 1996) ........................................................................................ 7

*Papelino v Albany Coll. of Pharm. of Union Univ.*,
    633 F3d 81 (2d Cir. 2011) ..................................................................................................... 5

*Periera v. Creative Artists Agency*,
    No. 18 Civ. 0620 (CM), 2018 U.S. Dist. LEXIS 20444 (S.D.N.Y. 2018) ........................... 10

*Radin v. Albert Einstein Coll. of Med. of Yeshiva Univ*,
    No. 04 Civ. 704 (RPP), 2005 U.S. Dist. LEXIS 9772 (S.D.N.Y. May 20,
    2005) ..................................................................................................................................... 5

*Riker v. Premier Capital, LLC*,
    No. 15 Civ. 8293, 2016 U.S. Dist. LEXIS 129943 (S.D.N.Y. Sept. 22, 2016) ..................... 7

*Rinaldi v. La Goutte*,
    No. 16 Civ. 1901 (VSB), 2020 U.S. Dist. LEXIS 164488 (S.D.N.Y. Sep. 9,
    2020) ..................................................................................................................................... 8

*Safe Step Walk in Tub Co. v. CKH Indus., Inc.*,
    No. 15 Civ. 7543 (NSR), 2018 U.S. Dist. LEXIS 161082 (S.D.N.Y. Sep. 20,
    2018) ..................................................................................................................................... 8

*In re Sanofi-Aventis Securities Litigation*,
    No. 07 Civ10279 (GBD), 2009 U.S. Dist. LEXIS 88580 (S.D.N.Y. Sep. 25,
    2009) ..................................................................................................................................... 2

*Sarafianos v. Shandong Tada Auto-Parking Co.*,
    No. 13 Civ.3895 (SAS), 2015 U.S. Dist. LEXIS 61139 (S.D.N.Y. May 8,
    2015) ..................................................................................................................................... 6

*Shuster v. Oppleman*,
    No. 96 Civ. 1689, 1999 U.S. Dist. LEXIS 94 (S.D.N.Y. Jan. 11, 1999) ............................... 4

*Simmons v. Abruzzo*,
    49 F.3d 83 (2d Cir. 1995) ...................................................................................................... 3

*Sofair v State Univ. of NY Upstate Med. Ctr. Coll. of Medicine*,
    54 AD2d 287 (4th Dept 1976) ...................................................................................... 7

*Sotheby's, Inc. v Minor*,
    No. 08 Civ. 7694 (BSJ)(HBP), 2009 U.S. Dist. LEXIS 99332 (S.D.N.Y. Oct.
    26, 2009). ..................................................................................................................... 6

*SuperCom Ltd. v. Sabby Volatility Warrant Master Fund Ltd.*,
    No. 21 Civ. 2857 (AT), 2022 U.S. Dist. LEXIS 118884 (S.D.N.Y. July 6,
    2022) ........................................................................................................................ 2, 8

*The Clementine Co. v. de Blasio*,
    No. 21 Civ. 7779, 2021 U.S. Dist. LEXIS 232058 (S.D.N.Y. Dec. 3, 2021) .............. 3

**Statutes**

Civil Rights Act of 1964 Title VI ............................................................................... 8, 9

Civil Rights Restoration Act of 1987 .......................................................................... 8, 9

Federal Lanham Act ......................................................................................................... 9

Fed. R. Civ. P. 8 ..................................................................................................... 3, 4, 8

Fed. R. Civ. P. 9 .......................................................................................................... 7, 8

Federal Lanham Act, 15 U.S.C. § 1225 .......................................................................... 9

New York General Business Law § 349 ......................................................................... 9

New York General Business Law § 350 ......................................................................... 9

Defendant New York University ("NYU" or "Defendant") respectfully submits this Reply Memorandum Of Law In Further Support Of Its Motion To Dismiss.[1] In Plaintiff's Opposition to NYU's Motion To Dismiss ("Plaintiff's Opposition"), Plaintiff tries to make NYU appear almost outlandish for arguing that a complaint must allege the elements of a cause of action in a nonconclusory manner so as to survive a motion to dismiss. Defendant's position is not novel; in order to survive a motion to dismiss, the plaintiff must plead factual allegations with sufficient specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff utterly fails to demonstrate that he has alleged sufficient facts to raise a right to relief above the speculative level and fails to address the grounds for dismissal set forth in NYU's Motion. Plaintiff cites to nonbinding case law on this Court and argues they support inaccurate propositions. Plaintiff's *pro se* status does not absolve him "of the obligation to plead sufficient facts to state a claim that is plausible on its face." *Lorquet v. SCO Fam. of Servs.*, No. 14 Civ. 6845 (DLI)(LB), 2016 U.S. Dist. LEXIS 45045, *5 (E.D.N.Y. Mar. 31, 2016).[2]

Plaintiff's Opposition to Defendant's motion to dismiss fails to correct the pleading deficiencies and must be dismissed. While courts may construe *pro se* complaints liberally "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Lomax v. Aegis Funding Corp.*, No. 09 Civ. 2321, 2010 U.S. Dist. LEXIS 39075, at *7 (E.D.N.Y. Apr. 19, 2010). "Even a *pro se* complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Id.* at *7. Nothing contained in Plaintiff's opposition demonstrates that any of his claims are "plausible on their face." Plaintiff

---

[1] To avoid burdening the Court with duplicative arguments contained within this and NYU's principal memorandum and to comply with the page limit of 10 pages, Defendant limits its reply to issues raised in Plaintiff's opposition papers. Where NYU does not reply, it relies on its initial moving papers in support of its motion to dismiss Plaintiff's Amended Complaint.

[2] Copies of unreported decisions cited in this Memorandum of Law are attached hereto as Exhibit "A."

1

has failed to meet even the liberal pleading standard afforded to *pro se* litigants. Despite the verbosity and repetition in Plaintiff's opposition papers, Plaintiff fails to rebut the legal arguments in Defendant's moving papers establishing the legal and factual infirmities of his numerous causes of action. Amendments to the Complaint would be futile as Plaintiff cannot substantiate these various duplicative claims beyond speculation.

Plaintiff's allegations regarding NYU's misconduct, bad faith, and dishonesty are mistaken. First, NYU cited case law in its Memorandum of Law ("MOL"), many for their legal propositions rather than as support for analogous cases. Second, as cited in the MOL, NYU's Statement of Facts relied exclusively on the Amended Complaint and its exhibits. Plaintiff's disagreement with the recited facts and reference to them being made in bad faith and dishonesty are unsupported by the record. *In re Sanofi-Aventis Securities Litigation*, No. 07 Civ10279 (GBD), 2009 U.S. Dist. LEXIS 88580, at *7 (S.D.N.Y. Sep. 25, 2009) (plaintiff cannot premise his claims on allegations flatly contradicted by such incorporated documents.). Third, any reference to non-party Attorney Sibanda[3] should be disregarded by this Court. NYU has not gleaned any information for use in its MOL from any external sources and all information referred to in the moving papers are solely from Plaintiff's Amended Complaint, its exhibits and information on the docket. Therefore, NYU's Motion should be granted in its entirety.

**PLAINTIFF'S ADDITIONAL "FACTUAL" ASSERTIONS MUST BE DISREGARDED**

Plaintiff's unsupported allegations cannot be considered on a motion to dismiss. Instead, Plaintiff attaches various additional exhibits to his opposition to support his Amended Complaint, all of which this Court must disregard. *SuperCom Ltd. v. Sabby Volatility Warrant Master Fund Ltd.*, No. 21 Civ. 2857 (AT), 2022 U.S. Dist. LEXIS 118884, at *9 (S.D.N.Y. July 6, 2022) ("But,

---

[3] To maintain propriety, on February 15, 2023, NYU's attorneys requested Plaintiff and Mr. Sibanda cease copying Jackson Lewis P.C., its attorneys and employees from any further communications between them.

no such factual allegations are pleaded in the complaint, and new facts raised in a plaintiff's opposition papers may not be considered in deciding a motion to dismiss."). Plaintiff cannot use his opposition to add tangential points to Defendant's factual assertions, to deny the record itself, or to distort the record, as Plaintiff attempts to do in his Opposition to NYU's MOL. However, even if this Court were to generously read the facts set forth in Plaintiff's opposition papers as being raised in his Amended Complaint, Plaintiff still fails to state a claim upon which relief can be granted. *The Clementine Co. v. de Blasio*, No. 21 Civ. 7779, 2021 U.S. Dist. LEXIS 232058, at *18 (S.D.N.Y. Dec. 3, 2021), *vacated on other grounds,* No. 21-3070, 2022 U.S. App. LEXIS 25530, at *1 (2d Cir July 11, 2022) ("An "assertion in a brief - unsupported by factual allegations in the Amended Complaint … is not sufficient.").

## **PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT VIOLATES FED R. CIV. P. 8(a).**

Given the Federal Rule's clear pleading standard, this Court is necessarily confined to the four corners of the Amended Complaint and may not speculate about the viability of claims Plaintiff chose not to plead. Instead, Plaintiff seeks to have the Court depart from the clear pleading rules by contending that the facts alleged in the Amended Complaint *may* match the elements of his various claims. F.RC.P. requires Plaintiff to set forth in his complaint all causes of action as separate claims for which Plaintiff seeks to hold NYU liable. Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of *the claim* showing that the pleader is entitled to relief.) Wherever possible, plaintiff should endeavor to simplify and clarify the remainder of its pleading. In particular, separate claims should be pleaded separately and no claim should be pleaded twice. *Atlanta Shipping Corp., Inc. v. Chemical Bank*, 631 F. Supp. 335, 348 n.14 (S.D.N.Y. 1986). A complaint may be dismissed under Rule 8 if it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83,

3

86 (2d Cir. 1995). In other words, "'[c]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system' and must be dismissed." *Azzarmi v. Neubauer*, No 20 Civ. 9155 (KMK), 2022 U.S. Dist. LEXIS 169932, at *9 (S.D.N.Y. Sep. 20, 2022); *Shuster v. Oppleman*, No. 96 Civ. 1689, 1999 U.S. Dist. LEXIS 94, at *10 (S.D.N.Y. Jan. 11, 1999)(dismissing claim because impossible to decipher plaintiff's rambling allegations").

Plaintiff's conclusory allegation that his Amended Complaint is "objectively legible" does not make it so. As noted, Federal Rule of Civil Procedure 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." "Complaints that are rambling, repetitious, and unnecessarily voluminous fail to meet the minimum requirements of Rule 8(a), because unnecessary prolixity in pleading places an unjustified burden on the court and on the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Benzo v. New York State Div. of Human Rights*, No. 95 Civ. 5362 (LAP), 1997 U.S. Dist. LEXIS 901, *9 (S.D.N.Y. Jan. 29, 1997). *See Jones v. Nat'l Communs. & Surveillance Networks*, 266 Fed. Appx. 31, 33 (2d Cir. 2008)(affirming dismissal of single-spaced 58-page complaint with 87 additional pages of attachments, alleging over twenty separate causes of action). Plaintiff's *pro se* status does not absolve him of the duty to comply with the requirements of the Federal Rules of Civil Procedure. NYU reiterates that Plaintiff's Amended Complaint consists of 60 pages (not including the 95 pages of exhibits) multiple repetitive paragraphs, and duplicative causes of action that are not clearly defined and difficult to comprehend. Therefore, Plaintiff's Amended Complaint should be dismissed for violating Rule 8(a).

**PLAINTIFF'S BREACH OF CONTRACT CLAIMS FAIL AS A MATTER OF LAW.**

NYU argued in its original MOL that Plaintiff's breach of contract/implied contract claim should be dismissed because: (1) an implied contract a student has with its university ends once a

4

student receives his degree and (2) an employee handbook does not create a contractual obligation between a university and its alumni. In his opposition papers, Plaintiff fails to address either of these propositions and improperly cites to *Papelino v Albany Coll. of Pharm. of Union Univ.*, 633 F3d 81, 93 (2d Cir. 2011). *Papelino* applies to students and states that "[u]nder New York law, an implied contract is formed when a university accepts a student for enrollment: if the student complies with the terms prescribed by the university and completes the required courses, the university must award him a degree." Plaintiff fails to show how this implied contract between students and universities applies to alumni and does not address how an employee handbook creates a contractual obligation between the Parties.

Even if there were an implied contract, "the mere allegation of mistreatment without identification of a specific breached promise or obligation does not state a claim on which relief can be granted." *Radin v. Albert Einstein Coll. of Med. of Yeshiva Univ*, No. 04 Civ. 704 (RPP), 2005 U.S. Dist. LEXIS 9772, at *32 (S.D.N.Y. May 20, 2005). Plaintiff has presented no admissible evidence establishing consequential damages, such as demonstrable educational opportunities foregone, particular job opportunities missed, specific future income potentially lost, or any other potential damages of the type courts have recognized in breach of contract claims asserted by students against a university. *Basso v. N.Y. Univ.*, No. 16 Civ. 7295 (VM), 2020 U.S. Dist. LEXIS 223211, at *42 (S.D.N.Y. Nov. 30, 2020). Plaintiff has failed to provide any support that there is an implied contract between the parties and that it was breached. Therefore, Plaintiff's breach of contract claim must be dismissed.

## SEVERAL OF PLAINTIFF'S CLAIMS ARE DUPLICATIVE AND ARE INSUFFICIENTLY PLED.

Plaintiff's Causes of Action alleging breach of fiduciary duty claim, breach of the implied covenant of good faith and fair dealing, fraud, promissory estoppel, and unjust enrichment should

be dismissed, as a matter of law, because these claims are duplicative and are not sufficiently pled.

Plaintiff fails to adequately plead these duplicative claims. *See Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 193 (S.D.N.Y. 2011)(dismissal of breach of fiduciary duty claim merely a restatement of implied contractual obligations asserted in breach of contract claim). Plaintiff has not proven that he is a student or how the doctrine applies to alumni for a claim for a breach of fiduciary duty to stand. Plaintiff does not plead the elements for a breach of constructive/fiduciary trust nor can Plaintiff establish the elements of this cause of action upon further amendment. Plaintiff has not asserted facts, with the requisite specificity, to demonstrate the existence of *any* fiduciary relationship with respect to NYU. Even if Plaintiff asserted facts to demonstrate the existence of a fiduciary relationship, Plaintiff's breach of fiduciary duty claim must be dismissed because Plaintiff fails to allege with specificity what misconduct NYU purportedly engaged in and any damages that stemmed directly from this alleged misconduct. *See Sotheby's, Inc. v Minor*, No. 08 Civ. 7694 (BSJ)(HBP), 2009 U.S. Dist. LEXIS 99332, at *22 (S.D.N.Y. Oct. 26, 2009). Further, Plaintiff has failed to show how this duty is distinct and extraneous from his breach of contract claim. *See Meyers v Fabrics*, 65 NY2d 75, 80, n 2 (1985).

In the absence of a valid and binding contract, Plaintiff cannot seek damages for breach of the implied covenant of good faith and fair dealing. *Sarafianos v. Shandong Tada Auto-Parking Co.*, No. 13 Civ. 3895 (SAS), 2015 U.S. Dist. LEXIS 61139, at *11 (S.D.N.Y. May 8, 2015). *See also Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."). Plaintiff's disagreement with NYU's facts (that solely cite Plaintiff's Amended Complaint and Exhibits) is insufficient and is further unsupported by the case law cited. Plaintiff is an alumnus

and solely relies on case law establishing an implied contract between a student and its university to allow for a student's right to graduate. *See Sofair v State Univ. of NY Upstate Med. Ctr. Coll. of Medicine*, 54 AD2d 287, 292 (4th Dept 1976). Plaintiff fails to assert factual allegations from which the breach of the implied covenant of good faith and fair dealing could be discerned, thus his Cause of Action must be dismissed.

Plaintiff's allegations that NYU has the legal staff to determine veracity of Plaintiff's allegations with respect to his fraud claim is irrelevant. Plaintiff failed to identify any clear and unambiguous promise, reasonable foreseeable reliance, and an injury sustained based on his reliance on that promise upon which he bases this additional claim. Instead, Plaintiff incorrectly relies on the allegations surrounding his breach of contract claim as evidence of fraud. *Bridgestone/Firestone v Recovery Credit Servs.*, 98 F3d 13, 20 (2d Cir. 1996) (where a fraud claim "is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie"); *Papa's-June Music, Inc. v McLean*, 921 F Supp 1154, 1162 (S.D.N.Y. 1996)(the only fraud alleged arises out of the same facts that serve as the basis for the breach of contract claim, Plaintiff's fraud claim fails to state a claim for fraud on which relief can be granted). Plaintiff's fraud claim must be dismissed.

Plaintiff's conclusory allegation that he has satisfied the elements of a claim for negligent misrepresentation does not make it so. A claim for negligent misrepresentation must also satisfy Rule 9(b)'s heightened standard for pleading. *See Riker v. Premier Capital, LLC*, No. 15 Civ. 8293, 2016 U.S. Dist. LEXIS 129943, at *14 (S.D.N.Y. Sept. 22, 2016)(finding that Rule 9(b)'s heightened standard applies to claims of negligent misrepresentation when the claim "sounds in fraud"). Therefore, this claim must also be dismissed.

With respect to Plaintiff's promissory estoppel claim, Plaintiff's claim that he identified rules or guidance published by NYU regarding the contest, alleging it was a promise, without explicitly identifying them in his opposition is clear that the claim is not sufficiently pled and is unclear (and in violation of the Federal Rules as noted above). Plaintiff also fails to address how this claim is not duplicative of his breach of contract claim. *Rinaldi v. La Goutte*, No. 16 Civ. 1901 (VSB), 2020 U.S. Dist. LEXIS 164488, at *19 (S.D.N.Y. Sep. 9, 2020)(If the promissory estoppel claim is not meant to overcome a defense of statute of frauds or any other contract formation issue, the promissory estoppel claim should be dismissed as duplicative of the breach of contract claim).

As to his claim for unjust enrichment, Plaintiff only argues he is allowed to plead in the alternative but does not provide any factual support for when those limited circumstances exist. *See de Leon v. N.Y. Univ.*, 21 Civ 05005 (CM), 2022 U.S. Dist. LEXIS 10723, at *35 (S.D.N.Y. Jan. 20, 2022)(An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract claim); *Safe Step Walk in Tub Co. v. CKH Indus., Inc.*, No. 15 Civ. 7543 (NSR), 2018 U.S. Dist. LEXIS 161082, at *18 (S.D.N.Y. Sep. 20, 2018)(a claim for unjust enrichment will not survive a motion to dismiss unless the nonmoving party explains how the claim is not simply duplicative of its breach of contract claims). Plaintiff's argument to support his claim for unjust enrichment is premised on facts not supported by the record and is duplicative of his breach of contract and fraud claims. Therefore, this claim must also be dismissed.

Plaintiff failed to explain how these claims differ from his contract claim and his claims for constructive/fiduciary trust, implied covenant for good faith and fair dealing, fraud, promissory estoppel, unjust enrichment and negligent misrepresentation must be dismissed.

**PLAINTIFF FAILS TO PLEAD A CAUSE OF ACTION FOR DISCRIMINATION OR RETALIATION UNDER TITLE VI OR THE GROVE CITY BILL**

To support his claims under Title VI and under the Grove City Bill, Plaintiff supports his

claim by facts not in the Amended Complaint or Exhibits incorporated by reference to the Amended Complaint. All new "facts" must be disregarded. Plaintiff's support for these claims is limited to conclusory and speculative anecdotal evidence that he mistakes as "facts." Plaintiff continues to allege that he was banned from the Berkley Center and claims it was discriminatory/retaliatory. His conclusory allegations do not provide any evidence of discrimination based on protected characteristics to support a claim of discrimination under Title VI or Title IX (to support a claim under the Grove City Bill). Plaintiff has not provided any facts to show that his gender, race, color, or national origin was the motivating factor behind his competition entry not being chosen nor for the curtailing of his excessive use of the Berkley Center. Nor has Plaintiff presented any evidence that he partook in a protected activity.

### **PLAINTIFF CANNOT SUBSTANTIATE NYU COMMITTED FALSE ADVERTISING OR DECEPTIVE PRACTICESTO THE PUBLIC AT LARGE.**

Plaintiff fails to show there was any public harm or there was a broader impact on consumers at large. *Blockchange Ventures I GP, LLC v. Blockchange, Inc.*, No. 21 Civ. 891 (PAE), 2021 U.S. Dist. LEXIS 181104, at *21 (S.D.N.Y. Sep. 22, 2021). To support a claim under GBL§§ 349 and 350, Plaintiff must allege injury beyond injury to just the Plaintiff and the deceptive practice must threaten the public interest, such as potential danger to public health or safety. *Id.* Plaintiff has failed to do so and therefore, his claims must fail. There is no allegation that even if Plaintiff's allegations were true, there could be any danger to public health or safety. Similarly, the Lanham Act applies to goods or services and there is no allegation of a false designation of origin to apply here. Plaintiff has failed to show how The Federal Lanham Act applies to NYU with respect to any goods or services, let alone false or misleading descriptions of fact. 15 U.S.C. § 1225(a)(1)(B). Accordingly, these claims must fail.

9

**PLAINTIFF'S INJUNCTIVE RELIEF CLAIM IS NOT LEGALLY COGNIZABLE.**

Plaintiff's Cause of Action for "equitable relief" – specifically, injunctive relief (Dkt. 37, Pg. 57-59) – should be dismissed because injunctive relief is a remedy, not a separate cause of action. NYU respectfully refers the Court to Dkt. 42-44, denying Plaintiff's Injunction Motion.

**THE COURT MUST DISMISS PLAINTIFF'S REQUEST FOR A PUTATIVE CLASS ACTION.**

The "pressing questions for the class action allegations are whether the putative class members have standing before the Court and whether the allegations are adequately pleaded." *Blagman v. Apple, Inc.*, 12 Civ. 5453 (ALC) (JCF), 2013 U.S. Dist. LEXIS 71280, at *14 (S.D.N.Y. May 20, 2013). Based on the many issues in Plaintiff's pleadings, the answers to these pressing questions are a resounding No.

**PLAINTIFF SHOULD NOT BE GIVEN AN OPPORTUNITY TO AMEND HIS COMPLAINT AS IT WOULD BE FUTILE.**

Even though district courts usually give *pro se* Plaintiff's an opportunity to amend to cure the defects in their complaints, the Court need not do so where it would be futile. *See Periera v. Creative Artists Agency*, No. 18 Civ. 0620 (CM), 2018 U.S. Dist. LEXIS 20444 *2 (S.D.N.Y. 2018). As demonstrated by Plaintiff's failure to respond substantively to Defendant's motion to dismiss and based on the unbelievable claims contained in Plaintiff's Amended Complaint, it is apparent that any such effort by Plaintiff to amend would be futile, and accordingly, should not be granted by the Court if requested.

**CONCLUSION.**

Based upon the foregoing, NYU respectfully requests the Court to enter an Order: (1) dismissing Plaintiff's Amended Complaint, in its entirety and with prejudice; (2) directing Plaintiff to reimburse NYU for its legal fees incurred for having to defend Plaintiff's frivolous action; and (3) awarding NYU such other and further relief as the Court deems just and proper.

Dated: March 10, 2023
      White Plains, New York

                                            Respectfully submitted,

                                            JACKSON LEWIS P.C.
                                            44 South Broadway, 14th Floor
                                            White Plains, New York 10601
                                            (914) 872-8009

                            By:    _____
                                            Joseph DiPalma
                                            Poonam Sethi

                                            *Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

KARIM ANNABI,

                                       Plaintiff,

       -against-

NEW YORK UNIVERSITY STERN SCHOOL OF BUSINESS.

                                    Defendant.

Case No. 1:22-CV-03795 (LJL)

---------------------------------------------------------------X

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Reply Memorandum Of Law In Further Support Of Defendant's Motion To Dismiss Plaintiff's Complaint was filed and served via ECF and UPS, on March 10, 2023 upon Plaintiff Pro Se at the address set forth below:

Karim Annabi
35 Priory Crescent
Southend, Essex
SS2 6JY
karim.annabi@gmail.com
*Pro Se Plaintiff*

                                                    *Nancy Scales*
                                                  Nancy Scales