**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

......................................................................X

KARIM ANNABI,

                           Plaintiff,

         -against-

NEW YORK UNIVERSITY,

Case No. 1:22-CV-03795-LJL

                        Defendant.

......................................................................X

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S</u><br><u>MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
Tel.:   (914) 872-8060
Fax:   (914) 946-1216

Joseph J. DiPalma
Poonam Sethi

*Attorneys for Defendant*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

PROCEDURAL HISTORY.................................................................... 2

STATEMENT OF FACTS RELEVANT TO THE RULE 12(b)(1) AND (6) MOTION ............. 4

LEGAL STANDARD APPLICABLE TO THIS MOTION ........................................ 6

LEGAL ARGUMENT........................................................................... 7

POINT I:     PLAINITFF CANNOT ESTABLISH DISCRIMINATION OR RETALIATION
             CLAIMS UNDER THE VARIOUS FEDERAL, STATE OR LOCAL LAWS ... 7

    A.     There Are No Allegations To Support Plaintiff's Title VI Claims. .................... 7

    B.     Plaintiff Is Not An NYU Employee To Have Standing To Plead Valid Claims
             Under NYSHRL or NYCHRL. ...................................................... 10

    C.     There Are No Allegations To Support Plaintiff's New York Civil Rights
             Claims.............................................................................. 11

    D.     There Are No Allegations To Support Plaintiff's §1981 Claims. ..................... 12

    E.     There Are No Allegations To Support Plaintiff's Title IX Claims ................... 13

POINT II:    PLAINTIFF'S BREACH OF CONTRACT CLAIMS FAIL AS A MATTER OF
             LAW .............................................................................. 14

    A.     The Employee Handbook Does Not Create A Contract ................................... 16

    B.     NYU's Withholding of Alumni Benefits is Not a Breach of Contract ............. 18

    C.     NYU Did Not Breach Any Terms Relating to the Challenge Contests ........... 19

POINT III:   PLAINTIFF CANNOT SUBSTANTIATE NYU COMMITTED FALSE
             ADVERTISING TO THE PUBLIC AT LARGE UNDER THE GBL.............. 21

POINT IV:    PLAINTIFF CANNOT ESTABLISH A CLAIM UNDER THE
             COMMUNICATIONS ACT OF 1934................................................ 24

POINT V:     PLAINTIFF'S INJUNCTIVE RELIEF CLAIM IS NOT LEGALLY
             COGNIZABLE .................................................................... 24

CONCLUSION...................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Afr. Diaspora Mar. Corp. v. Golden Gate Yacht Club,*
    968 N.Y.S.2d 459 (1st Dep't 2013) ......................................................................20

*Albert v. Carovano,*
    851 F.2d 561 (2d Cir.1988)...................................................................................12

*Andrews v. Freemantlemedia N.A., Inc.,*
    No. 13 Civ. 5174 (NRB), 2014 U.S. Dist. LEXIS 166242 (S.D.N.Y. Nov. 19,
    2014) .....................................................................................................................24

*Annabi v. N.Y. Univ.,*
    No. 22 Civ. 3795 (LJL), 2023 U.S. Dist. LEXIS 176661 (S.D.N.Y. Sep. 29,
    2023) ............................................................................................................. *passim*

*Areu v. Fox News Network, LLC,*
    No. 20 Civ. 8678 (RA), 2021 U.S. Dist. LEXIS 171332 (S.D.N.Y. Sep. 9,
    2021) ...............................................................................................................10, 11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................................6, 7

*Bailey v. New York Law Sch.,*
    No. 16 Civ. 4283 (ER), 2017 U.S. Dist. LEXIS 212102 (S.D.N.Y. Dec. 27,
    2017) .....................................................................................................................16

*Baldwin v. New York,*
    No. 13 Civ. 485 (HBS), 2015 U.S. Dist. LEXIS 114540 (W.D.N.Y. Aug. 28,
    2015) .....................................................................................................................10

*Balk v. N.Y. Inst. of Tech.,*
    683 Fed. Appx. 89 (2d Cir. Mar. 23, 2017) .........................................................15

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...........................................................................................6, 7

*Beth Isr. Med. Ctr. v. Verizon Bus Network Servs.,*
    No. 11 Civ. 4509 (RJS), 2013 U.S. Dist. LEXIS 49825 (S.D.N.Y. Mar. 18,
    2013) .....................................................................................................................17

*Bibliotechnical Athenaeum v. Am. Univ. of Beirut*,
  527 F. Supp. 3d 625 (S.D.N.Y. 2021), *aff'd*, 2022 U.S. App. LEXIS 6208 (2d
  Cir. 2022) ..................................................................................................................7

*Bloomberg v. N.Y. City Dep't of Educ.*,
  410 F. Supp. 3d 608 (S.D.N.Y. 2019)......................................................................9

*Broder v. Cablevision Sys. Corp.*,
  418 F.3d 187 (2d Cir. 2005).....................................................................................17

*Caballero v. Third Albany Corp.*,
  237 A.D.2d 800 (3d Dept. 1997) .............................................................................12

*Cheves v. Columbia Univ.*,
  89 A.D.3d 463 (1st Dept. 2011)...............................................................................16

*Chiste v. Hotels.com L.P.*,
  756 F. Supp. 2d 382 (S.D.N.Y. Nov. 15, 2010)..................................................24, 25

*Cline v. TouchTunes Music Corp.*,
  211 F. Supp. 3d 628, 636 (S.D.N.Y. 2016) .............................................................22

*Cohen v. Casper Sleep Inc.*,
  No. 17 Civ. 9325, 2018 U.S. Dist. LEXIS 116372 (S.D.N.Y. July 12, 2018).........23

*Costigan v. CitiMortgage, Inc.*,
  No. 10 Civ. 8776 (SAS), 2011 U.S. Dist. LEXIS 84860 (S.D.N.Y. Aug. 1,
  2011) .........................................................................................................................22

*Dikambi v. City Univ. of NY*,
  No. 19 Civ. 9937 (RA), 2021 U.S. Dist. LEXIS 174510 (S.D.N.Y. Sep. 14,
  2021) .........................................................................................................................14

*Duran v. Henkel of Am., Inc.*,
  450 F. Supp. 3d 337 (S.D.N.Y. 2020)......................................................................24

*Durant v. N.Y.C. Hous. Auth.*,
  No. 12 Civ. 937 (NGG) (JMA), 2013 U.S. Dist. LEXIS 45946 (E.D.N.Y. Mar.
  4, 2013) .....................................................................................................................10

*Fam. Fashions, Inc. v. Sterling Jewelers, Inc.*,
  No. 18 Civ. 9919, 2019 U.S. Dist. LEXIS 136325 (S.D.N.Y. Aug. 12, 2019) .......23

*Fink v. Time Warner*,
  714 F.3d 739, 742 (2d Cir. 2013).............................................................................22

*Frintzilas v. DirecTV, LLC*,
  731 F App'x. 71 (2d Cir. 2018) ...............................................................................23

*Glaser v. Upright Citizens Brigade LLC*,
  No 18 Civ. 971 (JPO), 2020 U.S. Dist. LEXIS 56228 (S.D.N.Y. Mar. 31,
  2020) ..................................................................................................................13

*Gray v. City of New York*,
  No. 10 Civ. 3039 (SLT)(CLP), 2014 U.S. Dist. LEXIS 202727 (E.D.N.Y. Feb.
  25, 2014) .............................................................................................................12

*Harris v. Provident Life & Accident Ins. Co.*,
  310 F.3d 73 (2d Cir. 2002)..................................................................................14

*I.C. ex rel. Solovsky v. Delta Galil USA*,
  135 F. Supp. 3d 196, 208 (S.D.N.Y. 2015) .........................................................15

*Jessani v. Monini N. Am., Inc.*,
  744 F. App'x 18, 19 (2d Cir. 2018) ....................................................................23

*Joester Loria Grp. v. Licensing Co.*,
  No. 10 Civ. 6742 (DLC), 2011 U.S. Dist. LEXIS 46597 (S.D.N.Y. Apr. 9,
  2011) ....................................................................................................................7

*Kajoshaj v. New York City Department of Educ.*,
  543 F. App'x 11 (2d Cir. 2013) ...........................................................................7

*Kowalchuk v. Stroup*,
  873 N.Y.S.2d 43, 46 (1st Dep't 2009) .................................................................15

*Lauture v. Int'l Bus. Machines Corp.*,
  216 F.3d 258, 261 (2d Cir. 2000) ........................................................................15

*Leibowitz v. Cornell Univ.*,
  584 F.3d 487 (2d Cir. 2009)................................................................................16

*Manchanda v. Navient Student Loans & Educ. Credit Mgt. Corp.*,
  No. 19 Civ. 5121, 2020 U.S. Dist. LEXIS 179428 (S.D.N.Y. Sep. 29, 2020) ......23

*Mantikas v. Kellogg Co.*,
  910 F.3d 633, 636 (2d Cir. 2018) ........................................................................22

*Manolov v. Borough of Manhattan Cmty. Coll.*,
  952 F. Supp. 2d 522 (S.D.N.Y. 2013)..................................................................7

*Mehdi v. Boyce*,
  931 F. Supp. 268 (S.D.N.Y. 1996) ......................................................................24

*Mehdi v. WABC Radio 77*,
  125 F.3d 844 (2d Cir. 1997)................................................................................24

*Mizuna, Ltd. v. Crossland Fed. Sav. Bank,*
    90 F.3d 650 (2d Cir. 1996)................................................................................15

*Moore v. Thomson Reuters (GRC) Inc.,*
    No. 17 Civ. 0211 (LGS), 2017 U.S. Dist. LEXIS 149401 (S.D.N.Y. Sept. 14,
    2017) ............................................................................................................17

*Nuevos Aires Shows LLC v. Bühler,*
    No. 19 Civ. 1822 (NRB), 2020 U.S. Dist. LEXIS 67933 (S.D.N.Y. Apr. 17,
    2020) ............................................................................................................15

*Occidental Chem. Corp. v. OHM Remediation Servs.,*
    No. 94 Civ. 959S(H), 1997 U.S. Dist. LEXIS 6376 (W.D.N.Y. April 28,
    1997) ............................................................................................................22

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,*
    647 N.E.2d 741, 745 (N.Y. 1995) ..................................................................22

*Patterson v. County of Oneida,*
    375 F3d 206 (2d Cir 2004)..............................................................................10

*Pennolino v. Cent. Prods. LLC,*
    No. 22 Civ. 5051 (LJL), 2023 U.S. Dist. LEXIS 82454 (S.D.N.Y. May 11,
    2023) ............................................................................................................18

*Pungitore v. Barbera,*
    506 F. App'x. 40, 42-43 (2d Cir. 2012) ............................................................14

*Reimers-Fincher v. Nassau Health Care Corp.,*
    No. 08 Civ. 2397(DRH)(GRB), 2014 U.S. Dist. LEXIS 2206 (E.D.N.Y. Jan.
    8, 2014) ........................................................................................................12

*Rodriguez v. N.Y. Univ.,*
    No. 05 Civ. 7374 (JSR)(JCF), 2006 U.S. Dist. LEXIS 97732 (S.D.N.Y. Nov.
    17, 2006) ......................................................................................................12

*Shepard* v. *Frontier Communications Servs.,*
    92 F.Supp.2d 279 (S.D.N.Y. 2000) ............................................................11, 12

*Sommerville v. N.Y.C. Police Dep't,*
    No. 12 Civ. 00165 (KAM) (JMA), 2012 U.S. Dist. LEXIS 26436 (E.D.N.Y.
    Feb. 29, 2012) ................................................................................................7

*Spychalsky v. Sullivan,*
    No. 01 Civ. 0958 (DRH) (ETB), 2003 U.S. Dist. LEXIS 15704 (E.D.N.Y.
    Aug. 29, 2003) ..............................................................................................16

*Startech, Inc. v. VSA Arts,*
  126 F. Supp. 2d 234, 236 (S.D.N.Y. 2000) .........................................................15

*S. Telecom Inc. v. ThreeSixty Brands Grp., LLC,*
  520 F. Supp. 3d 497, 504 (S.D.N.Y. 2021)..........................................................21

*In re Tether & Bitfinex Crypto Asset Litig.,*
  576 F. Supp. 3d 55 (S.D.N.Y. 2021).....................................................................23

*Verdi v. City of New York*,
  306 F. Supp. 3d 532 (S.D.N.Y. 2018).....................................................................9

*Ward v. New York Univ.*,
  No. 99 Civ. 8733 (RCC), 2000 U.S. Dist. LEXIS 14067 (S.D.N.Y. Sept. 25,
  2000) ......................................................................................................................17

*Zangrillo v. Fashion* Inst. *of Tech.,*
  601 F. Supp. 1346 (S.D.N.Y. 1985).......................................................................13

*Zavalidroga v. Cote*,
  395 Fed. Appx. 737 (2d Cir. 2010).........................................................................12

**Statutes**

42 U.S. Code §1981 ................................................................................. *passim*

Age Discrimination Act of 1975.................................................................3, 4, 12, 13

Civil Rights Act of 1964 Title VI ............................................................... *passim*

Civil Rights Restoration Act of 1987 amended Title IX ...................................1, 3, 4, 13

Communications Act of 1934 .....................................................................1, 2, 4, 24

Federal Lanham Act 15 U.S.C. §1125(a) ...............................................................3

Fed. R. Civ. P. 12..............................................................................................4, 6, 7

NYCHRL .................................................................................................. *passim*

New York Civil Rights Law §40-c .............................................................. *passim*

New York General Business Law §349......................................................... *passim*

New York General Business Law §350.......................................................... *passim*

NYSHRL..................................................................................................... *passim*

Defendant New York University ("NYU" or "Defendant"), by and through its undersigned attorneys Jackson Lewis P.C., respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Second Amended Complaint in which he re-alleges: (1) breach of implied contract; (2) breach of covenant of good faith and fair dealing; (3) Title VI of the Civil Rights Act and various subparts; (4) the New York City Human Rights Law ("NYCHRL"); (5) the New York State Human Rights Law ("NYSHRL"); (6) The Civil Rights Restoration Act of 1987 amended Title IX; (7) New York General Business Law §349 ("Deceptive Practices Act"), (8) New York General Business Law §350, and 350-a ("False Advertising Act"), (9) 42 U.S. Code §1981 and (10) Plaintiff's request for injunction for "equitable relief." Plaintiff Pro Se also seeks to include two new claims in his Second Amended Complaint, alleging a violation of: (1) New York Civil Rights Law §40-c and (2) Communications Act of 1934. Following NYU's Motion to Dismiss the original and Amended Complaint, Plaintiff has amended his complaint for the second time, reasserting the same allegations and continuously failing to cure the deficiencies previously identified. Plaintiff makes conclusory allegations in support of baseless theories of wrongdoing in a desperate attempt to circumvent dismissal of his claims.

## **PRELIMINARY STATEMENT**

Plaintiff is a former NYU student that entered into two NYU-run competitions, the NYU Designership Hackathon Contest ("Hackathon") and the NYU Entrepreneur's Challenge ("Challenge"). Plaintiff was not employed by NYU at any time, nor does Plaintiff allege he was ever employed by NYU. Plaintiff was not selected as a competitor for the Hackathon or for the Challenge and therefore, alleges various conclusory allegations to support his various claims against NYU of breach of contract, discrimination, and other violations of statutes and regulations.

The Second Amended Complaint relies on Plaintiff's subjective belief that he was entitled to win a contest and after being rejected, Plaintiff alleges a hodgepodge of allegations against NYU.

The Court should dismiss Plaintiff's Second Amended Complaint in its entirety, with prejudice. *First*, Plaintiff relies on conclusory unsubstantiated allegations to support his various and redundant discrimination and retaliation claims, and Plaintiff was not an employee or a covered non-employee entitled to bring a discrimination claim under state or local law. *Second*, Plaintiff's breach of contract/implied contract claim should be dismissed because: (1) attending a university is not a binding and enforceable contract; (2) the employee handbook is not a binding and enforceable contract; (3) NYU did not materially breach any terms of any alleged contract or alleged promises; and (4) any alleged promises were not sufficiently definite to state a viable claim. *Third*, Plaintiff's breach of implied covenant of good faith and fair dealing claims should be dismissed against NYU because the claims are duplicative of the breach of contract claim. *Fourth*, Plaintiff cannot support his claims of false advertising or deceptive practices under the General Business Law. *Fifth*, Plaintiff failed to follow the procedural requirements for a claim under the New York Civil Rights Law §40-c. *Sixth*, there is no private right of action under the Communications Act of 1934. *Finally*, Plaintiff's claim for injunctive relief must be denied as there is no allegation of ongoing harm.

Amendments to the Complaint would be futile as Plaintiff cannot verify these various duplicative claims beyond speculation and has failed to do so in his third iteration of the complaint. By this Motion, NYU submits Plaintiff's Second Amended Complaint be dismissed now as a matter of law.

## **PROCEDURAL HISTORY**

On or about May 9, 2022, Plaintiff initiated the suit and filed a Complaint. *See* Complaint.[1] Dkt. 1. On June 24, 2022, the Court issued an Order extending Defendant's time to answer, respond

---

[1] For purposes of judicial economy, documents that are part of the docket are not reattached herein.

or otherwise move to July 27, 2022. Dkt. 15-16. On July 26, 2022, NYU moved to dismiss Plaintiff's complaint. Dkt. 18-21.

On November 9, 2022, Plaintiff filed his First Amended Complaint, alleging several new claims, including breach of an implied contract, breach of fiduciary duty, common law fraud, constructive fraud, negligent misrepresentation & promissory estoppel, unjust-enrichment, and violation of these statutes: Title VI of the Civil Rights Act of 1964, The Civil Rights Restoration Act of 1987, or Grove City Bill, Title VI -- 34 CFR 100.7(e), Age Discrimination Act of 1975, and 42 U.S. Code §1981. Plaintiff maintains his allegations that NYU violated the NYCHRL, the NYSHRL, GBL §349 , GBL §350, and 350-a ("False Advertising Act"), and Federal Lanham Act 15 U.S.C. §1125(a). Dkt. 37.

On November 18, 2022, an initial pretrial conference was held with Judge Liman. Your Honor denied the pending motion to dismiss as moot and stayed discovery while Defendant filed a second motion to dismiss and set out a briefing schedule for another motion to dismiss. Dkt. 41.

On November 21, 2022, Plaintiff filed a motion for a preliminary injunction. Dkt. 42. Plaintiff's Motion sought to restrain NYU and enjoin them to freeze the Competition until Plaintiff's allegations in the Complaint are resolved. Dkt. 43. On December 5, 2022, NYU filed its opposition and on December 6, 2022, the Court denied Plaintiff's motion. Dkt. 44.

On January 13, 2023, NYU moved to Dismiss Plaintiff's Amended Complaint. Dkt. 45-49. The motion was fully briefed and on September 29, 2023, Judge Liman granted NYU's motion to dismiss all of Plaintiff's claims. Dkt. 59-61, 63.

On February 7, 2023, Plaintiff filed a motion for sanctions against NYU, its counsel and non-party attorney Kissinger Sibanda, which the Court struck from the docket. Dkt. 52-53.

On December 28, 2023, Plaintiff filed his Second Amended Complaint, alleging three new claims, including a violation of New York Civil Rights Law §40-c, Title IX, and the Communications Act of 1934. Plaintiff maintains his allegations that NYU violated the following statutes: Title VI; the NYSHRL; the NYCHRL, 42 U.S. Code §1981; GBL §349 , and GBL §350; as well as maintains a claim for breach of contract. Dkt. 70.

**STATEMENT OF FACTS RELEVANT TO THE RULE 12(b)(1) AND (6) MOTION[2]**

Plaintiff, *pro se*, is an American, British and Algerian citizen, born in Algeria and a Muslim male of Arabic Race. Dkt. 70.¶14. He is a former NYU student, who attended NYU Stern School of Business for his B.A. and M.B.A. between1999 and 2010. Dkt. 70.¶16. In late 2021 and early 2022, Plaintiff entered into NYU's entrepreneurship contests with his startup, Activate. Dkt. 70 ¶31, 34. On or about September 30, 2021, Plaintiff entered into the NYU Designership Hackathon Contest ("Hackathon") with his startup, Activate, but was not selected. Dkt. 70 ¶118.

On or about November 3, 2021, Plaintiff applied to the NYU Entrepreneur's Challenge ("Challenge") with his startup, Activate, paid a $100 entry fee. Dkt. 70 ¶96. On or about November 30, 2021, Plaintiff received an email rejection stating that he was not selected as a winner. Dkt. 70 ¶110. Comments by the unknown evaluators to the Challenge indicate various issues with Plaintiff's proposed startup including: "it's unclear what the solution is, how it will make money, how it will work, and what it will do," lack of financial modeling, "[i]t's also unclear why anyone would pay for this or what it actually is" and "[t]he strategy of partnering with 100 celebrity foundations is intriguing but doesn't go further into what these foundations get out of the partnership or what their role is on the platform beyond receiving contributions." Dkt. 70 ¶139,

---

[2] For purposes of this Motion only, NYU accepts the *factual* allegations set forth in Plaintiff's Complaint as pled. NYU expressly reserves the right, and will contest all allegations in this or any other action as the University deems them to be frivolous and without merit.

141-144. On or about October 30, 2023, Plaintiff again applied to the Challenge, paid a voluntary $100 entry fee. Dkt. 70 ¶97. On or about December 11, 2023, Plaintiff received an email rejection stating that he was not selected as a winner. Dkt. 70 ¶240-241.

On or about January 14, 2022, Plaintiff was informed he and his venture could not participate in any Berkeley Center program "until he made 'material and demonstrable progress' in customer discovery, creating a prototype and building a team" and that these steps needed to be addressed because they were the minimum expectations/baseline for the support the program could provide. Dkt. 70 ¶79, 154. Plaintiff used NYU's advising sessions to discuss his startup, Activate, with NYU's social media in-house expert. Plaintiff admits he attended startup advising sessions on September 8, 2021, September 21, 2021, October 20, 2021, November 11, 2021, December 6, 2021 and on another unknown date. Dkt. 70 ¶136, 137, 169. However, after attending eight appointments over the course of several weeks, Plaintiff's access was capped due to the "very limited resource." Dkt. 70 ¶168.

On or about September 23, 2022, Khalid Latif, NYU University Chaplain, Executive Director of The Islamic Center at NYU, Senior Fellow & Co-Founder of the NYU Of Many Institute for Multifaith Leadership and NYU Adjunct Assistant, censored Plaintiff's prayer submissions from NYU's weekly Islamic Center request for prayers community email. Dkt. 70 ¶46, 66.

On or about September 28, 2022, Plaintiff attended a video-recorded event on-campus event titled "How to Make American Discourse Less Stupid" hosted by "The Veritas Forum." Plaintiff raised his hand, was called on to participate and handed a microphone. Plaintiff started speaking about his interfaith peace project and how an NYU Professor had recently been stabbed 13 times by a terrorist, which was on topic, only to have NYU Professor Jonathan Haidt, appearing

uncomfortable with the contribution, step off the stage and pressure plaintiff into giving him the microphone. Dkt. 70 ℙ67.

On or about Sept 30, 2022, Plaintiff attended a video-recorded event on-campus event titled "Historical Perspectives on the Black Muslim Experience in NYC" hosted by the NYU Islamic Center. During the Q&A, plaintiff was handed a microphone, but before he could speak, Latif sent one of the event organizers to censor plaintiff. The messenger put his hands-on plaintiff and specifically told him that Latif had sent him to tell plaintiff not speak about or ask a question related to his interfaith peace project, leading plaintiff to change his contribution to a different topic. Dkt. 70 ℙ68.

Sometime in 2023, Plaintiff completed a form to be included in the 2023 NYU Gift Guide, an annual digital gift guide for the NYU community that showcases products for purchase. Dkt. 70 ℙ183, 191. However, Plaintiff's submission to include his fashion label, "The Activate Store," was rejected without explanation. Dkt. 70 ℙ191.

## LEGAL STANDARD APPLICABLE TO THIS MOTION

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly,* 550 U.S. at 555, 557. The ultimate question is whether "[a] claim has facial plausibility, [*i.e.,*] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The plausibility

requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly,* 550 U.S. at 556.

Accordingly, where a plaintiff files a complaint containing conclusory allegations but no facts in support of the claims, the Court may grant a Rule 12(b)(6) motion as a matter of law. *See Joester Loria Grp. v. Licensing Co.*, No. 10 Civ. 6742 (DLC), 2011 U.S. Dist. LEXIS 46597, at *5-8 (S.D.N.Y. Apr. 9, 2011) (granting motion to dismiss under *Twombly* and *Iqbal* where plaintiff pled only conclusory allegations).[3] Plaintiff's *pro se* status does not rescue his failure to plead the basic elements of the stated cause of action or the conclusory nature of his claims. *See, e.g., Sommerville v. N.Y.C. Police Dep't*, No. 12 Civ. 00165 (KAM) (JMA), 2012 U.S. Dist. LEXIS 26436, at *5 (E.D.N.Y. Feb. 29, 2012).

## LEGAL ARGUMENT

### POINT I: PLAINTIFF CANNOT ESTABLISH DISCRIMINATION OR RETALIATION CLAIMS UNDER THE VARIOUS FEDERAL, STATE OR LOCAL LAWS

#### A.  There Are No Allegations To Support Plaintiff's Title VI Claims.

To establish a claim under Title VI, plaintiff must allege: (1) defendant discriminated against him on the basis of national origin, race, or color; (2) the discrimination was intentional; (3) and the discrimination was a substantial or motivating factor for the defendant's actions. *Bibliotechnical Athenaeum v. Am. Univ. of Beirut*, 527 F. Supp. 3d 625, 632 (S.D.N.Y. 2021), *aff'd*, 2022 U.S. App. LEXIS 6208 at *2 (2d Cir. 2022). Naked allegations that Plaintiff was "treated differently from others outside of the protected class cannot demonstrate entitlement to Title VI relief." *Kajoshaj v. New York City Department of Educ.*, 543 F. App'x 11, 14 (2d Cir. 2013); *see also Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 532 (S.D.N.Y.

---

[3] Copies of unreported decisions cited in this Memorandum of Law, are attached to the Affidavit of Joseph DiPalma, dated March 1, 2024 as Exhibit "A."

2013) (dismissing Title VI claim where plaintiff does not allege defendant referred to his race…

"nor does he recite any other fact from which race-based discriminatory intent reasonably could

be inferred").

    Plaintiff provides no specificity for what he alleges is the basis for his claims of discrimination

as he generically alleges NYU "intentionally discriminated against him and retaliated against him

because of his actual and/or perceived [protected characteristics], as exhibited by their deliberate

indifference to the disparate treatment and exclusion in violation of Title VI." Dkt. 70 ¶252.

Although Plaintiff details allegations of discrimination regarding the Challenge's judges selection,

the Challenge's contest selection criteria, developmental stage of the Challenge, awarding prizes,

alumni benefits, the NYU Gift Guide Alumni Benefit, and the NYU Female Fellows Program, he

makes conclusory allegations of discrimination and fails to allege any particularized harm. Dkt.

70 ¶247-260. Plaintiff has not provided any allegations to show that his race, color, or national

origin was the motivating factor behind each of his allegations of discrimination. For a majority

of Plaintiff's allegations of discrimination, there are no allegations to support the elements of a

Title VI claim to show that Plaintiff, himself, was discriminated against. Plaintiff does not allege

that Defendant made any remarks indicating animus on the basis of gender, race or national origin

or otherwise evinced such animus.

    Instead, Plaintiff alleges he was not selected as a finalist for the Challenge "despite meeting

the criteria of having strong connections to NYU more than any other Challenge winner of a

different national origin, race or gender" or for being a one-person team. Dkt. 70 ¶127, 182.

Plaintiff concedes "NYU accepted many winners of a different race, national origin or gender than

plaintiff, and awarded them final prizes" but alleges those winners did not meet the selection

criteria. Dkt. 70 ¶126. Plaintiff's subjective and conclusory allegations do not provide any

evidence of discrimination based on protected characteristics to support a claim of discrimination under Title VI. The comments Plaintiff received on his submissions are race- and national-origin neutral. Dkt. 70 ⁋117-245.

Plaintiff also alleges retaliation under Title VI. Plaintiff has failed to plead any elements of retaliation beyond his conclusory allegation that he was retaliated against on the basis of his race, national origin, religion or gender. For the same reasons, Plaintiff's retaliation claims under Title VI must also be dismissed. To plead a claim for retaliation under Title VI, a plaintiff must allege: (1) participation in a protected activity known to the defendants; (2) adverse action by the defendants against the plaintiff; and (3) a causal connection between the plaintiff's protected activity and defendants' adverse action." *Bloomberg v. N.Y. City Dep't of Educ.*, 410 F. Supp. 3d 608, 624 (S.D.N.Y. 2019). The causal connection may be shown either indirectly, "by presenting evidence of temporal proximity between the protected activity and adverse action, or through other evidence such as different treatment of similarly situated [individuals]," or directly, "through evidence of retaliatory animus directed against" plaintiff. *Verdi v. City of New York*, 306 F. Supp. 3d 532, 542-43 (S.D.N.Y. 2018) (internal citations omitted).

Plaintiff has presented no evidence that he partook in a protected activity and has not alleged any action on his part before receiving the November 30, 2021 email capping his access to the Berkley Center advising appointments. Dkt. 70, ⁋168. Plaintiff alleges in 2022, he was banned from the Berkley Center, rejected from the Challenge and banned from future Challenges because his venture was "too early" and claims others of different protected traits were allowed to participate. Dkt. 70 ⁋154. He fails to allege any indirect or direct evidence to show that he was retaliated against for participating in any protected activity. Accordingly. Count 1 must be dismissed.

**B.** **Plaintiff Is Not An NYU Employee To Have Standing To Plead Valid Claims Under NYSHRL or NYCHRL.**

Plaintiff's NYSHRL and NYCHRL discrimination claims fail because he is not and has never been an employee of NYU. While employment discrimination plaintiffs need not plead a *prima facie* case of discrimination, a plaintiff still must allege a plausible claim of discrimination, and the elements of a prima facie case provide a useful "guidepost" in assessing whether a plaintiff has done so. *See Durant v. N.Y.C. Hous. Auth.*, No. 12 Civ. 937 (NGG) (JMA), 2013 U.S. Dist. LEXIS 45946, at *12 (E.D.N.Y. Mar. 4, 2013).

To qualify as a covered non-employee—a standard that differs slightly depending on whether the Court is applying state or local law—Plaintiff must plausibly allege that he was paid by NYU or that he received something of substantial value from it in exchange for his work. *Areu v. Fox News Network, LLC*, No. 20 Civ. 8678 (RA), 2021 U.S. Dist. LEXIS 171332, at *3 (S.D.N.Y. Sep. 9, 2021). Plaintiff does not have any employee or qualifying non-employee relationship with NYU and cannot establish standing[4] to bring discrimination claims under the NYSHRL or the NYCHRL.

The NYSHRL generally applies to employers, licensing or employment agencies. NYS Exec. L. §296, et seq. Although the NYSHRL does not specifically define employee, Courts have held that the standards for recovery under the NYSHRL are the same as the federal standards under Title VII. *Areu,* 2021 U.S. Dist. LEXIS 171332, at *25; *Baldwin v. New York*, No. 13 Civ. 485 (HBS), 2015 U.S. Dist. LEXIS 114540 (W.D.N.Y. Aug. 28, 2015) (As broad as Title VII's protections are, Congress wrote the statute to address discrimination in the workplace, not the classroom). However, the NYSHRL has a specific provision for unlawful discriminatory practices

---

[4] Even if the Court found Plaintiff has standing, Plaintiff does not adequately substantiate any allegations to support his age, race, religion, and national origin discrimination claims as detailed in Point 1(A). *See Patterson v. County of Oneida*, 375 F3d 206, 229 (2d Cir 2004) (plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action).

relating to non-employees and covers those who "provid[e] services [to an employer] pursuant to a contract in the workplace or who [are] employee[s] of such contractor, subcontractor, vendor, consultant or other person providing services pursuant to a contract in the workplace." N.Y. Exec. Law §296-d.

Like the NYSHRL, the NYCHRL also applies to employers and makes it unlawful for an employer to discriminate against "any person…in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin. Code §8-101, et seq; §8-107(1)(a). Although this statutory provision does not use the word employee, Courts have routinely found that the threshold remuneration condition that is essential for an individual to qualify as an 'employee' under Title VII and the NYSHRL also applies to NYCHRL claims. *Areu*, 2021 U.S. Dist. LEXIS 171332, at *27. However, the NYCHRL has a provision that extends coverage to non-employees that specifically extends coverage to interns, freelancers, independent contractors, and domestic workers. N.Y.C. Admin. Code §8-107. Plaintiff is not an NYU employee, intern, freelancer, independent contractor, or domestic worker, nor did he provide any services to NYU as an employee of a contractor, subcontractor, vendor, consultant or other person providing services to NYU. Accordingly, Plaintiff's NYSHRL claims (Count 2) and NYCHRL claims (Count 4) must be dismissed.

### C.  <u>There Are No Allegations To Support Plaintiff's New York Civil Rights Claims.</u>

Plaintiff's claim under New York Civil Rights Law §40-c cannot survive. At or before commencing an action under this section, Plaintiff must notify the Attorney General. *See* N.Y. Civ. Rts. Law §40-D; *Shepard* v. *Frontier Communications Servs.*, 92 F.Supp.2d 279, 287 (S.D.N.Y. 2000). Failure to comply with the statutory notice requirement "mandates dismissal of

the claim." *Id.* Insofar as the complaint does not allege notice to the attorney general prior to or at the time of filing of this action, Count 3 must be dismissed.[5]

### D.  There Are No Allegations To Support Plaintiff's §1981 Claims.

To establish a claim under §1981, the plaintiff must show: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of the plaintiff's race; and (3) the discrimination concerned one or more of the statutorily numerated activities. *Gray v. City of New York*, No. 10 Civ. 3039 (SLT)(CLP), 2014 U.S. Dist. LEXIS 202727, at *41-42 (E.D.N.Y. Feb. 25, 2014). The *McDonnell Douglas* analysis also applies to claims under §1981. *See Reimers-Fincher v. Nassau Health Care Corp.*, No. 08 Civ. 2397(DRH)(GRB), 2014 U.S. Dist. LEXIS 2206, at *31 (E.D.N.Y. Jan. 8, 2014). A plaintiff must "plead sufficient facts to state a plausible claim for relief" and cannot rely on "wholly conclusory allegations of discriminatory intent." *Zavalidroga v. Cote*, 395 Fed. Appx. 737, 740 (2d Cir. 2010). Plaintiff has not shown that there was a discriminatory or retaliatory intent for NYU's alleged actions towards him.

Plaintiff's claim under §1981 fails for similar reasons as outlined above for Title VI. Plaintiff fails to allege that he was treated differently than those who but for their race were similarly situated or to allege racial animus. *See Annabi v. N.Y. Univ.*, No. 22 Civ. 3795 (LJL), 2023 U.S. Dist. LEXIS 176661, *65 (S.D.N.Y. Sep. 29, 2023); *Albert v. Carovano,* 851 F.2d 561, 573 (2d Cir.1988); *see also Rodriguez v N. Y. Univ.*, No. 05 Civ. 7374 (JSR)(JCF), 2006 U.S. Dist. LEXIS 97732, at *15 (S.D.N.Y. Nov. 17, 2006) ("[Plaintiff] has not indicated that any of the professors or administrators involved in the disciplinary proceedings made reference to the fact that he is Hispanic. Nor has he indicated any disparities between the treatment of Hispanics as opposed to

---

[5] We note, as well, that since the standards for establishing a violation under §40-c are the same as applied under the NYSHRL (*Caballero v. Third Albany Corp.*, 237 A.D.2d 800 (3d Dept. 1997)), the dismissal of Plaintiff's claims by the NYSDHR should serve to bar a parallel claim under §40-c.

similarly situated white students with respect to NYU disciplinary proceedings."). Accordingly, Plaintiff's §1981 (Count 5) must be dismissed.

### E.  There Are No Allegations To Support Plaintiff's Title IX Claims

The Civil Rights Restoration Act of 1987 amended Title IX to provide an interpretation of the term "program and activity" which receives Federal funding assistance. The definition of eligible programs and activities included "all the operations of…an entire corporation… or other private organization" to which financial assistance was extended. 20 U.S.C. §1687; *see also*, *Glaser v. Upright Citizens Brigade LLC*, No 18 Civ. 971 (JPO), 2020 U.S. Dist. LEXIS 56228, at *7 (S.D.N.Y. Mar. 31, 2020). Title IX covers only programs that receive federal financial assistance. *Zangrillo v. Fashion* Inst*. of Tech.*, 601 F. Supp. 1346, 1352 (S.D.N.Y. 1985) (plaintiff neither pleaded nor demonstrated any nexus between Federal financial assistance and the Fashion Design Department at FIT, the Title IX count must be dismissed).

Plaintiff does not bring forth a claim under Title IX and generically alleges NYU violated Title IX by referring to various NYU programs, including the NYU Gift Guide, the NYU Entrepreneurship Programs, and the NYU Female Fellows Program. There is no evidence of allegation that these programs were federally funded.[6]

Plaintiff again fails to plead facts supporting a plausible inference that gender bias was a motivating factor in NYU's conduct. He fails to allege that he was treated differently than those who, but for their gender, were similarly situated. He alleges simply that ventures who did not meet the criteria submitted by contestants of other national origins, races or genders were selected ahead of plaintiff who he claims were less qualified. Plaintiff also alleges he was not included in NYU's Gift Guide. Dkt. 70 ¶ 204. That is not alone enough to make out a claim for discrimination

---

[6] In Plaintiff's prior Complaint, Plaintiff admitted that the Competition is funded by alumni but removed this concession in the Second Amended Complaint.

on the basis of gender. *Annabi,* 2023 U.S. Dist. LEXIS 176661 at *63-64 (citing *Pungitore v. Barbera,* 506 F. App'x. 40, 42-43 (2d Cir. 2012) (affirming dismissal of a Title IX claim because plaintiff's claim was supported by "conclusory allegations of discrimination" that did not "give rise to a reasonable inference that [defendant] was motivated by discriminatory animus"); *Manolov,* 952 F. Supp. 2d at 532 (granting motion to dismiss Title IX claims because plaintiff did not "allege that any defendant referred to his race or gender, nor [did] he recite any other fact from which race- or gender-based discriminatory intent reasonably could be inferred")). As such, Plaintiff lacks standing nor has he properly pled a violation of Title IX and Count 6 must be dismissed[7].

## POINT II: PLAINTIFF'S BREACH OF CONTRACT CLAIMS FAIL AS A MATTER OF LAW.

Plaintiff articulates the basis of his belief that he had a contractual relationship with NYU based on (1) previous enrollment at NYU; (2) his alumni status (3) the employee handbook; and (4) his application to the Challenge contests, none of which creates a contractual relationship between the parties. Dkt. 70 ¶317, 332. Based on these alleged contractual relationships, Plaintiff bases his breach of contract claims[8] on NYU's (1) failure to uphold its nondiscriminatory policies; (2) withholding of alumni benefits;and (3) failure to comply with the terms of the Challenge rules.

---

[7] Title IX and Title VII statutes "are governed by the same substantive standards for reviewing claims of both harassment and retaliation." *Dikambi v. City Univ. of NY,* No. 19 Civ. 9937 (RA), 2021 U.S. Dist. LEXIS 174510, at *14 (S.D.N.Y. Sep. 14, 2021). Even if Plaintiff was able to establish the funding element, his claim must be dismissed.

[8] Plaintiff alleges that NYU violated multiple implied covenants of good faith and fair dealing between the parties, even if he does not plead it as an individual claim while articulating his breach of contract claim. Dkt. 70 ¶321-322, 329, 355. To the extent the Court interprets Plaintiff alleges this claim, it must also be dismissed. It is well settled that a claim for breach of the implied covenant of good faith and fair dealing should be dismissed as redundant of a contract claim. *See Harris v. Provident Life & Accident Ins. Co.,* 310 F.3d 73, 81 (2d Cir. 2002) ("New York law…does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.").

A contract is "a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." *Annabi v. N.Y. Univ.*, 22 Civ. 3795 (LJL), 2023 U.S. Dist. LEXIS 176661, *17 (S.D.N.Y. Sep. 29, 2023) (citing *Lauture v. Int'l Bus. Machines Corp.,* 216 F.3d 258, 261 (2d Cir. 2000) (quoting Restatement (Second) Contracts §1 (1979)). To establish an enforceable contract under New York law, there must be "an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Annabi,* 2023 U.S. Dist. LEXIS 176661 at *17 (citing *I.C. ex rel. Solovsky v. Delta Galil USA,* 135 F. Supp. 3d 196, 208 (S.D.N.Y. 2015)) (quoting *Kowalchuk v. Stroup,* 873 N.Y.S.2d 43, 46 (1st Dep't 2009)); *see also Mizuna, Ltd. v. Crossland Fed. Sav. Bank,* 90 F.3d 650, 658 (2d Cir. 1996) ("A valid contract requires a manifestation of mutual assent to a bargained-for exchange."). In a case for breach of contract, "when it is clear from the face of the pleading and the terms of the contract that a promise is gratuitous, the complaint will be dismissed." *Annabi,* 2023 U.S. Dist. LEXIS 176661 at *17 (citing *Startech, Inc. v. VSA Arts,* 126 F. Supp. 2d 234, 236 (S.D.N.Y. 2000)).

To state a claim for breach of contract under New York law, Plaintiff must allege (1) the existence of a contract; (2) performance by the Plaintiff; (3) breach of the contract by the defendant; and (4) damages. *See Balk v. N.Y. Inst. of Tech.*, 683 Fed. Appx. 89, 95 (2d Cir. Mar. 23, 2017). "Thus, to plead a claim for breach of contract…, plaintiff 'must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue.'" *Annabi,* 2023 U.S. Dist. LEXIS 176661 at *19 (citing *Nuevos Aires Shows LLC v. Bühler,* No. 19 Civ. 1822 (NRB), 2020 U.S. Dist. LEXIS 67933, at *10 (S.D.N.Y. Apr. 17, 2020)).

An implied contract "may result as an inference from the facts and circumstances of the case, although not formally stated in words, and is derived from the "presumed" intention of the parties

as indicated by their conduct." *Leibowitz v. Cornell Univ.,* 584 F.3d 487, 506–07 (2d Cir. 2009) (internal citations omitted). "A contract implied in fact is as binding as one that is express, and similarly 'requires such elements as consideration, mutual assent, legal capacity and legal subject matter.'" *Id.* at 507 (internal citations omitted). General statements which "merely provide what may occur, or encourage…students to engage in certain behaviors… are not specific and discrete promises." *Bailey v. New York Law Sch.*, No. 16 Civ. 4283 (ER), 2017 U.S. Dist. LEXIS 212102, at *24 (S.D.N.Y. Dec. 27, 2017); *see also Cheves v. Columbia Univ.*, 89 A.D.3d 463, 464 (1st Dept. 2011) (dismissing plaintiff's breach of contract complaint because the alumni brochures listing benefits and services that are available to alumni were not promises specific enough to establish an existence of an implied contract).

Plaintiff's breach of contract/implied contract claim should be dismissed because: (1) Plaintiff's attendance at NYU does not create a binding and enforceable contract beyond obtaining his degree; (2) the employee handbook does not apply and is not a binding and enforceable contract; and (3) NYU did not materially breach any terms of the alleged contracts.

## A. <u>The Employee Handbook Does Not Create A Contract</u>

Plaintiff's allegation that attending NYU creates a lifetime contractual relationship does not make it so. Dkt. 70 ¶77. NYU's various policies and a handbook do not create a contractual obligation with its alumni. Dkt. 70 ¶64, 318. Any implied contract a student has with its university ends once a student receives his degree. *See Spychalsky v. Sullivan*, No. 01 Civ. 0958 (DRH) (ETB), 2003 U.S. Dist. LEXIS 15704, at *45 (E.D.N.Y. Aug. 29, 2003) (granting defendants summary judgment on plaintiff's breach of contract claim because although there is an implied contract between students and the university agreeing that if the student complied with the terms prescribed the university, the student will receive a degree, plaintiff already graduated).

First, Plaintiff is not, and was never, an NYU employee and the employee handbook does not apply to him. Plaintiff's Second Amended Complaint again cites to the employee handbook and references the Non-Discrimination and Anti- Harassment Policy and Complaint Procedures *for Employees*. Dkt. 70 ¶56-59. As noted above, Plaintiff is an NYU alum, not an employee, or current student. Second, even if the handbook or various policies applied to him, these do not create contractual relationships.

Nevertheless, even if the Court does consider NYU's handbook and school policies as a contract, a breach of contract claim can be dismissed if the documentary evidence within the contract negates the allegations. *See Beth Isr. Med. Ctr. v. Verizon Bus Network Servs.*, No. 11 Civ. 4509 (RJS), 2013 U.S. Dist. LEXIS 49825, at *6 (S.D.N.Y. Mar. 18, 2013) ("Dismissal of a breach of contract claim is appropriate where a contract's clear, unambiguous language excludes a plaintiff's claim"); *see also Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (the court need not accept the plaintiff's description of the contract's provisions, "but may look to the agreement itself").

Although some terms of the implied contract between a student and school may be listed in bulletins, circulars, made under the contract. *See Ward v. New York Univ.*, No. 99 Civ. 8733 (RCC), 2000 U.S. Dist. LEXIS 14067, at *10-11 (S.D.N.Y. Sept. 25, 2000) ("general statements of policy" and "broad and unspecified procedures and guidelines" cannot form the basis of a contract claim). These broad, general administrative policies do not amount to an explicit or contract between the school and Plaintiff. Rather, they are informative guidelines of the school's administrative procedures with no specific promises to be provided after the students' enrollment. Therefore, Plaintiff's breach of contract claim premised on any NYU handbook or policy must be dismissed. *See Moore v. Thomson Reuters (GRC) Inc.*, No. 17 Civ. 0211 (LGS), 2017 U.S. Dist.

LEXIS 149401, at *8 (S.D.N.Y. Sept. 14, 2017) (dismissing breach of contract claim where, *inter alia*, the complaint did not identify any contractual provision the defendant allegedly materially breached). Plaintiff's cause of action for breach of contract fails because the claim improperly relies upon these documents.

**B.  NYU's Withholding of Alumni Benefits is Not a Breach of Contract**

Plaintiff claims a contract existed by virtue of plaintiff's enrollment at NYU. Plaintiff alleges NYU published various alumni benefits and breached the promises made to him of alumni support.

Plaintiff has not alleged consideration. Although he alleges he provided consideration to NYU for the alumni benefits in the form of tuition payments, Plaintiff fails to allege he would not have made the decision to enroll in exchange for those promises. Any obligation he had to pay tuition and any tuition he paid pre-existed NYU's alleged promises relating to the 2021-2023 Challenge contests. "It is axiomatic that past consideration cannot support the formation of a new contract." *Annabi,* 2023 U.S. Dist. LEXIS 176661 at *22 (citing *Pennolino v. Cent. Prods. LLC,* No. 22 Civ. 5051 (LJL), 2023 U.S. Dist. LEXIS 82454, at *46 (S.D.N.Y. May 11, 2023)). As correctly noted by this Court, in the absence of any consideration, NYU's offer of alumni support can be understood only as gratuitous. Plaintiff did not provide any benefit to NYU in exchange for the offer of alumni support. Nor did he incur any detriment in exchange for those offers. NYU volunteered alumni support to Plaintiff; it was free to withdraw that support at any time. *Annabi,* 2023 U.S. Dist. LEXIS 176661 at *22-23.

Second, Plaintiff's breach of contract claims also fails because he does not allege an agreement on all material terms, with definiteness, that NYU breached. Plaintiff continues to rely on general statements relating to alumni benefits and generically alleges these alumni benefits were similar since 1999. But those statements are so general as to be unenforceable; they do not indicate what

kinds of benefits would be available, for how long NYU was obligated to provide benefits, and whether NYU was obligated on demand to make itself available for any session that any alumnus or alumni might request. *See generally*, *Annabi*, 2023 U.S. Dist. LEXIS 176661 at *22-23.

Finally, even if an agreement did exist, Plaintiff does not allege NYU violated its promise. He claims that NYU denied him support. But the factual allegations that he makes to support that claim is that he was banned from further advising sessions in November 2021. Dkt. 70 ¶167. As Judge Liman previously explained, this conduct cannot be understood as a breach of contract. NYU's offer that alumni could make as many appointments as they needed cannot be reasonably understood to imply an obligation on the part of NYU to hold those sessions at the times requested or to eliminate its ability to temporarily limit Plaintiff's access so that others would also have the opportunity to receive advice. *Annabi*, 2023 U.S. Dist. LEXIS 176661 at *24-25. Plaintiff has again alleged no more than that. Accordingly, NYU withholding alumni benefits does not confer a valid breach of contract claim.

### C.  NYU Did Not Breach Any Terms Relating to the Challenge Contests

Even if (for purposes of this motion only) NYU assumes Plaintiff's participation in the Hackathon and the Challenge gave rise to a contract, Plaintiff failed to plead that NYU breached those obligations. Plaintiff alleges NYU breached its agreement and violated its obligations by failing to (1) select a minimum of 25 winners with merit in the 2021 Challenge; (2) apply the stated selection criteria in choosing the winners; (3) utilize external and third-party competent and unbiased Judges; (4) apply federally mandated rules and regulations for skilled contests; (5) void where prohibited geographical areas to not corrupt the applicant pool; (6) not discriminate in both contests per NYU's policies and the law; (7) maintain the prize money at the amount stated at the time of application; and (8) judge all applicants who are eligible for the contest. Dkt. 70 ¶334.

It is clear from the complaint that the website and promotional materials were not an offer that Plaintiff accepted by submitting his application and paying the entry fee. Plaintiff concedes the $100 fee in was "voluntary but recommended" from 2022 to 2024. Dkt. 70 ¶90. It also is clear from Plaintiff's allegations that the Challenge was "a skilled contest." *Annabi,* 2023 U.S. Dist. LEXIS 176661 at *30. The Challenge has "selection criteria," including that the venture have "strong connections to NYU." Dkt. 70 ¶90. The aims of the Challenge are to "support and provide guidance to all the students, alumni[,] faculty and researchers who really want to create something new in the world of business" Dkt. 70 ¶95. It was not just a lottery or a sweepstakes in which the only criterion would have been to submit an application (regardless of its contents) and to pay an entry fee in exchange for an equal opportunity for a prize. It matters what the contents of the application were. *Annabi,* 2023 U.S. Dist. LEXIS 176661 at *30. For that reason, statements on the website and promotional materials cannot have constituted the offer which Plaintiff accepted by paying the entry fee. And, in the absence of any allegations of what the offer was and thereby what NYU promises in exchange for Plaintiff's entry fee, Plaintiff cannot plead a claim for breach of an express or implied contract.

Plaintiff also does not allege NYU rejected his applications out of hand. *See Annabi,* 2023 U.S. Dist. LEXIS 176661 at *45 (citing *Afr. Diaspora Mar. Corp. v. Golden Gate Yacht Club,* 968 N.Y.S.2d 459 (1st Dep't 2013) (breach of duty of good faith alleged where defendant sabotaged plaintiff's efforts to submit an application and then initially sought to deny the application on "various technicalities")). Comments by the unknown evaluators to the Challenge indicate various issues with Plaintiff's proposed startup including: "it's unclear what the solution is, how it will make money, how it will work, and what it will do," lack of financial modeling, "[i]t's also unclear why anyone would pay for this or what it actually is" and "[t]he strategy of partnering with 100

celebrity foundations is intriguing but doesn't go further into what these foundations get out of the partnership or what their role is on the platform beyond receiving contributions." Dkt. 70 ¶139, 141-144. NYU met with Plaintiff and gave him substantive written feedback. Plaintiff does not dispute NYU exercised discretion, but just disagrees with the exercise of that discretion.

Plaintiff alleges NYU assured him that his Challenge application would be judged by neutral third parties who are entrepreneurs, seasoned professionals, investors, and/or subject matter experts," and that his application was instead judged by NYU personnel who were not neutral third parties and that NYU failed to comply. Dkt. 70 ¶88, 98. However, the implied covenant is that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract," and "is in aid and furtherance of other terms of the agreement of the parties." *Annabi,* 2023 U.S. Dist. LEXIS 176661 at *46-47 (citing *S. Telecom Inc. v. ThreeSixty Brands Grp., LLC,* 520 F. Supp. 3d 497, 504 (S.D.N.Y. 2021)). In the absence of any allegations regarding the content of the agreement that governed the Hackathon and the Challenge, Plaintiff is unable to plead conduct that destroyed or injured the rights he had under those agreements.

Just because he did not like the outcome of the contest does not mean that NYU allegedly breached some contract. Plaintiff therefore fails to state a claim for breach of contract with regard to the Challenge.

### POINT III: PLAINTIFF CANNOT SUBSTANTIATE NYU COMMITTED FALSE ADVERTISING TO THE PUBLIC AT LARGE UNDER THE GBL.

The New York Deceptive Practices Act makes it unlawful to conduct deceptive practices in the course of business. GBL §349. §350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." *Id.* §350. "The only difference between the two is that §350 more narrowly targets deceptive or misleading

advertisements, while §349 polices a wider range of business practices." *Annabi,* 2023 U.S. Dist. LEXIS 176661 at *66 (citing *Cline v. TouchTunes Music Corp.,* 211 F. Supp. 3d 628, 636 (S.D.N.Y. 2016). To state a cause of action under either statute, the plaintiff must allege: 1) that the act or practice was consumer-oriented; 2) the act or practice was misleading in a material respect; and 3) plaintiff was injured as a result. *See Costigan v. CitiMortgage, Inc.*, No. 10 Civ. 8776 (SAS), 2011 U.S. Dist. LEXIS 84860, at *16 (S.D.N.Y. Aug. 1, 2011). Plaintiff bases his claims on NYU (1) impersonating nondiscriminatory policies and programs; (2) falsely promising alumni entrepreneurship benefits; and (3) misleading the public with its Challenge Contests.

To show that the practice was consumer-oriented, plaintiff will have to show that defendant's acts or practices have a broad impact on consumers at large. *Occidental Chem. Corp. v. OHM Remediation Servs.*, No. 94 Civ. 959S(H), 1997 U.S. Dist. LEXIS 6376 (W.D.N.Y. April 28, 1997) (finding that plaintiff failed to satisfy the consumer-oriented factor because the alleged act was only potentially harmful to other businesses). "Private contract disputes, unique to the parties …[will] not fall within the ambit of the statute." *Annabi,* 2023 U.S. Dist. LEXIS 176661 at *67 (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,* 647 N.E.2d 741, 745 (N.Y. 1995)). The challenged act or practice must be "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.* In determining whether a statement is deceptive, courts analyze "challenged advertisement as a whole, including disclaimers and qualifying language, and context is crucial," *Annabi,* 2023 U.S. Dist. LEXIS 176661 at *67 (citing *Mantikas v. Kellogg Co.,* 910 F.3d 633, 636 (2d Cir. 2018) and *Fink v. Time Warner,* 714 F.3d 739, 742 (2d Cir. 2013)). The Second Circuit has held, "[p]laintiffs must plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in

the circumstances, could be misled." *Annabi,* 2023 U.S. Dist. LEXIS 176661 at \*67  (citing *Jessani v. Monini N. Am., Inc.,* 744 F. App'x 18, 19 (2d Cir. 2018)).

Plaintiff's allegations do not support NYU made any materially misleading statement with respect to its policies, alumni benefits or the Challenge. Dkt 70 ⁋342, 351, 361-366. Plaintiff has not alleged a deceptive practice by NYU that has a broad impact on consumers at large beyond speculation. General references to advertisements and statements will be insufficient to allege a deceptive act or practice. *Manchanda v. Navient Student Loans & Educ. Credit Mgt. Corp.*, No. 19 Civ. 5121, 2020 U.S. Dist. LEXIS 179428, at \*16 (S.D.N.Y. Sep. 29, 2020) (internal citations omitted). To assert a claim under the GBL, Plaintiff must identify a "connection between the misrepresentation and any harm from, or failure of, the product." *Cohen v. Casper Sleep Inc.*, No. 17 Civ. 9325, 2018 U.S. Dist. LEXIS 116372, at \*20 (S.D.N.Y. July 12, 2018) (internal citations omitted). Plaintiff must plead that he has "suffered actual injury caused by a materially misleading" act, not that a misleading act led to further steps which eventually harmed them. *Frintzilas v. DirecTV, LLC*, 731 F App'x. 71, 72 (2d Cir. 2018) (internal citations omitted).

Allowing plaintiff to assert a GBL claim based solely on its alleged private business damages would open the gate to "a tidal wave of litigation against businesses that was not intended by the [New York] legislature." *Fam. Fashions, Inc. v. Sterling Jewelers, Inc.*, No. 18 Civ. 9919, 2019 U.S. Dist. LEXIS 136325, at \*18 (S.D.N.Y. Aug. 12, 2019) (internal citations omitted). GBL §§349 and 350 further bar the right against derivative actions, where Plaintiff alleges only an indirect or derivative injury and therefore, does not have standing under the GBL. *In re Tether & Bitfinex Crypto Asset Litig.*, 576 F. Supp. 3d 55 (S.D.N.Y. 2021) (internal citations omitted).

NYU's discrimination policies, its alumni benefits and the Hackathon and Challenge cannot be considered consumer-oriented and have no impact on the public at large. There is no connection

between the alleged misrepresentation and any harm from, or failure of, the "product." Any alleged harm sustained by Plaintiff is derivative and is not a basis for a violation of GBL §§349 and 350. Accordingly, Plaintiff's claims that NYU violated GBL §§349 and 350 under Count 7 must be dismissed as a matter of law.

## POINT IV: PLAINTIFF CANNOT ESTABLISH A CLAIM UNDER THE COMMUNICATIONS ACT OF 1934

Plaintiff seeks rescission on the ground that NYU violated 47 U.S.C. §509, which makes it "unlawful for any person, with intent to deceive the listening or viewing public," to "engage in any artifice or scheme for the purpose of prearranging…the outcome of a purportedly bona fide contest of intellectual knowledge, intellectual skill, or chance." 47 U.S.C. §509(a). §509, however, does not create a private cause of action on which a claim for rescission may be based. *Andrews v. Freemantlemedia N.A., Inc.*, No. 13 Civ. 5174 (NRB), 2014 U.S. Dist. LEXIS 166242, at *32-33 (S.D.N.Y. Nov. 19, 2014). *See* 47 U.S.C. §§509 (c), 503(b) (specifying penalties for violating the Act); *Mehdi v. Boyce*, 931 F. Supp. 268, 271 (S.D.N.Y. 1996) aff'd sub nom. *Mehdi v. WABC Radio 77*, 125 F.3d 844 (2d Cir. 1997) ("There is no private right of action available under the Communications Act of 1934, 47 U.S.C. §§151 et seq., that would permit the Court to pass judgment in this action..."). Accordingly, Count 8 must be dismissed.

## POINT V: PLAINTIFF'S INJUNCTIVE RELIEF CLAIM IS NOT LEGALLY COGNIZABLE.

Plaintiff's Cause of Action for "equitable relief" – specifically, injunctive relief (Dkt. 70, ¶260, 276, 286, 383) – should be dismissed because injunctive relief is a remedy, not a separate cause of action. *See Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 407 – 08 (S.D.N.Y. Nov. 15, 2010) ("Injunction is not a separate cause of action; it is a remedy"). Allegations of past exposure to illegal conduct is insufficient to clear the standing bar for injunctive relief. *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 355-356 (S.D.N.Y. 2020). "If the Plaintiff has viable claims under

24

any of the [other] causes of action, and if those claims entitle them to injunctive relief, then they can apply for that remedy once liability has been established." *Christe*, 756 F. Supp. 2d at 407-408.

## CONCLUSION.

Based upon the foregoing, NYU respectfully requests the Court to enter an Order: (1) dismissing Plaintiff's Amended Complaint, in its entirety and with prejudice; (2) directing Plaintiff to reimburse NYU for its legal fees incurred for having to defend Plaintiff's frivolous action; and (3) awarding NYU such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060

By: _____
Joseph DiPalma
Joseph.DiPalma@jacksonlewis.com
Poonam Sethi
Poonam.Sethi@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*

Dated: February 29, 2024
        White Plains, New York

25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

KARIM ANNABI,

                                        Plaintiff,

                -against-                                                Case No. 1:22-CV-03795 (LJL)

NEW YORK UNIVERSITY.

                                        Defendant.

----------------------------------------------------------------X

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that a true and correct copy of the foregoing Memorandum Of Law

In Support Of Defendant's Motion To Dismiss Plaintiff's Complaint was filed and served via ECF

and email, on the 29th day of February, 2024 upon Plaintiff Pro Se at the address set forth below:

Karim Annabi
35 Priory Crescent
Southend, Essex
SS26JY
karim.annabi@gmail.com
*Pro Se Plaintiff*


/s/ Nancy Scales
  Nancy Scales