MANDATE

24-2601-cv
*Annabi v. New York University*

1:22-cv-03795-LJL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 19, 2025

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-five.

PRESENT:
 ROBERT D. SACK,
 MYRNA PÉREZ,
 SARAH A. L. MERRIAM,
  *Circuit Judges.*
_____

**Karim Annabi,**

 *Plaintiff-Appellant,*

 v.   24-2601

**New York University,**

 *Defendant-Appellee,*

MANDATE ISSUED ON 05/19/2025

**New York University Stern School of Business,**

               *Defendant.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | KARIM ANNABI, pro se, Southend-On-Sea, United Kingdom. |
| **FOR DEFENDANTS-APPELLEES:** | POONAM SETHI (Joseph J. DiPalma, *on the brief*), Jackson Lewis P.C., White Plains, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Karim Annabi, who is proceeding pro se, sued New York University ("NYU"), invoking numerous statutes and causes of action. As relevant to this appeal, he alleges violations of federal, state, and local anti-discrimination laws, breach of contract, and violations of New York General Business Law §§ 349 and 350, all related to his exclusion from startup competitions hosted by NYU and the alleged denial of certain alumni benefits offered to startup entrepreneurs.

2

The district court granted NYU's motion under Federal Rule of Civil Procedure 12(b)(6) and dismissed the action with prejudice, denying Annabi leave to amend. *See Annabi v. N.Y. Univ.*, 22-cv-3795, 2024 WL 4252062 (S.D.N.Y. Sept. 20, 2024). Annabi timely appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (internal quotation marks and citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

"We also review *de novo* a district court's denial of leave to amend when

3

denial is based on a legal interpretation, such as the conclusion that amendment would be futile." *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102 (2d Cir. 2022). Because Annabi "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

We agree with the district court that Annabi failed to state a claim of racial, religious, national-origin, or gender discrimination under federal, state, or city law.[1] Annabi's Second Amended Complaint does not include any factual allegations indicating that any of these protected characteristics played a role in his exclusion from the startup competitions or alumni benefits. Nor does he sufficiently allege that similarly situated persons of a different race, religion, national origin, or gender fared better.

Annabi also fails to state a claim under New York General Business Law §§ 349 or 350. "To successfully assert a claim under General Business Law § 349(h) or § 350, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered

---

[1] Annabi does not appear to challenge the district court's dismissal of his claim under the Communications Act of 1934, 47 U.S.C. § 509, so we do not address it.

4

injury as a result of the allegedly deceptive act or practice." *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012) (internal quotation marks and citation omitted). Annabi failed to plausibly allege that NYU made any statements that would be materially misleading to a consumer.

Annabi's breach-of-contract claims premised on discrimination necessarily warranted dismissal on the same basis as his discrimination claims. With respect to his other breach-of-contract claims, Annabi does not allege that any of the asserted breaches were part of the consideration that NYU promised him as part of a validly formed contract. At most, he alleges that they were failures to fulfill gratuitous promises; but he does not allege that he relied on these promises to his detriment. *See Cyberchron Corp. v. Calldata Sys. Dev., Inc.*, 47 F.3d 39, 44 (2d Cir. 1995) ("In New York, promissory estoppel has three elements: a clear and unambiguous promise; a reasonable and foreseeable reliance by the party to whom the promise is made[;] and an injury sustained by the party asserting the estoppel by reason of the reliance." (citation and internal quotation marks omitted)).

Finally, the district court properly denied Annabi further leave to amend because amendment would have been futile. *See Cuoco v. Moritsugu*, 222 F.3d 99,

112 (2d Cir. 2000).

\* \* \*

We have considered Annabi's remaining arguments and conclude that they are without merit.[2]  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[2] Annabi argues that Judge Liman should be recused.  Because Annabi failed to make a timely recusal motion to the district court, we will not consider the issue for the first time on appeal.  *See Polizzi v. United States*, 926 F.2d 1311, 1321 (2d Cir. 1991) ("Polizzi waived the claim that [the district court judge] should have recused himself when he failed to timely move for such recusal pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455. . . . Having never moved for [the judge's] recusal, let alone having done so timely, Polizzi is poorly positioned at this late date to take issue with the court's role in the evidentiary hearing on the petition.").